In the Matter of the Claim of JAMES J. HURT, Respondent, against BURNS BROS., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed by the self-insured appellant as an auto mechanic. He testified that while removing a tire from a truck he had difficulty handling it; that " it wouldn't come loose " and while pulling at it " I started to get a funny pain on my chest and a burning sensation ". He stopped to rest and then continued in his effort to remove the tire. He then noticed that he had failed to remove one lug that was holding the tire. He felt weak but continued to work in a crouching position apparently because of weakness. The tire came off suddenly, hit the claimant on the head and knocked him over. The " chest was getting worse by the minute ". There is material proof that claimant was suffering from a coronary occlusion, myocardial infarction and that there was a casual relation between the occurrence described by claimant and the coronary occlusion. The record is open to other interpretations, i.e., that the heart condition was of long standing and nothing said about the tire incident to the doctor when he first treated claimant for the coronary occlusion; but under our decisions the board was within the frame of its power and acted on substantial evidence in deciding that there was an accident and in deciding that the accident was associated as a cause of the claimant's disability. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

■

In the Matter of the Claim of JAMES MATHESON, Respondent, against NILS SKISLAND, Doing Business as METRO HOME IMPROVEMENT Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the Workmen's Compensation Board for disability benefits resulting from the amputation of claimant's right leg. While moving lumber for his employer, claimant was accidentally struck on the right shin bone by a beam. Claimant had suffered from chronic osteomyelitis of the right tibia as a result of an old injury. The injury, which is the basis of this award, was at the site of a known and long pre-existing osteomyelitis, and as a result of the injury and resultant hospitalization, it was discovered that there was also carcinoma at the same site. The board has found that the accident caused claimant to suffer an aggravation of both the pre-existing chronic osteomyelitis and the underlying carcinoma on the same site, necessitating amputation of the leg. Appellants contend that the amputation was not due to the accident, but was merely a discovery resulting from the accident. There were conflicting medical reports and testimony on this subject. The credibility of the reports and testimony presents only a factual question which is exclusively the province of the board. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.