In the Matter of the Claim of HENRY H. JONES, Respondent, v. CURRAN & COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded benefits for a permanent partial disability due to an accidental injury which reactivated an underlying osteomyelitis incurred many years before. Appellants contend that the record does not support the finding of an accident and demonstrates no more than a series of minor traumas and no sudden or catastrophic event, within the rule expressed in *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153). We find, on the contrary, that the award was properly made. The board decision recites claimant's testimony as to his heavy manual labor and as to the onset on a specific day of pain so severe as to force him to quit his job; and further details the testimony of two physicians as to the breaking down of the scars in claimant's leg, caused by his heavy work in October, 1965, which, in their view, brought about a reactivation of the infection and a resulting permanent partial disability. The board thereupon found that "due to the extremely hard work he performed, the claimant sustained an accidental injury on or about 10/27/65 by way of the breaking of the scars in his right leg and that the resultant infection is causally related to such accidental injury." Contrary to appellants' contention, the "suddenness" requisite to the finding of accident, within the *Lerner* (*supra*) rule, "may be found in either cause or result" (1A Larson, Workmen's Compensation Law, § 39.10, p. 622.43, as quoted in *Matter of Greensmith* v. *Franklin Nat. Bank*, 21 A D 2d 576, 578, affd. 16 N Y 2d 973); the event in *Greensmith* being the sudden collapse of claimant's neck after three months of strain and that in the case before us being the breaking of claimant's scars after a long period of exertion. Closely parallel to the facts in this record is the factual situation in *Matter of Walters* v. *U. S. Vitamin Corp.* (11 A D 2d 280, affd. 10 N Y 2d 924) in which the claimant, a diabetic, as a result of excessive walking in the course of his employment, developed a blister which subsequently broke, became ulcerated and caused disability. Additional evidence of a sudden, specific and identifiable event in this case is to be found in the onset of severe pain on a particular day. (*Matter of Lillis* v. *Hard Mfg. Co.*, 13 A D 2d 598, affd. 11 N Y 2d 867.) It may be noted, further, that precedent exists for the finding that the work-induced aggravation of an underlying osteomyelitis can constitute an industrial accident. (See *Matter of Huth* v. *American Book-Knickerbocker Press*, 285 App. Div. 1102; *Matter of Matheson* v. *Skisland*, 283 App. Div. 907.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Gibson, P. J.