In the Matter of the Claim of MARGUERITE H. BAHRY, Respondent, against NU-GLAMORE BEAUTY SALON, INC., et al., Appellants, and CHARLES OF THE RITZ, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 23, 1957.

*Charles P. Barre* for appellants.

*Albert P. Thill* for Charles of the Ritz and another, respondents.

*Samuel Popish* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GIBSON, J. Appeal has been taken by three employers and their insurance carriers from a decision and award of the Workmen's Compensation Board for partial disability due to contact dermatitis, an occupational disease. Payment of the award was apportioned equally among four employers. The issue on this appeal has been limited to the question whether payment was properly apportioned thus or should have been "proportioned to the time such employee was employed in the service of such employers", as provided by section 44 of the Workmen's Compensation Law.

The board has found: (1) That on March 20, 1953, claimant, while employed as a hair tinter and hair stylist by respondent Charles, became disabled from acute contact dermatitis, which she had contracted in this same employment, and was totally disabled from March 20, 1953 to February 9, 1954; (2) that on May 15, 1954, while employed by appellant Nu-Glamore, she became disabled on account of contact dermatitis, due to the nature of her employment, and was totally disabled from May 15, 1954 to May 21, 1954; (3) that on June 4, 1954, while employed by appellant Wilfred, she became disabled on account of dermatitis, due to the nature of her employment, and was totally disabled from June 4, 1954 to June 12, 1954; and (4) that on November 12, 1954, while employed by appellants Caruso, she became disabled as a result of contact dermatitis and conjunctivitis, due to the nature of her employment, and was totally disabled from November 12, 1954 to February 1, 1955. It was separately found that in each employment claimant came into contact with certain chemical substances which caused her to suffer from dermatitis. The referee made a separate award against each employer for the period of total disability attributed to his employment, as above indicated, the last period of total disability terminating February 1, 1955. None of those four awards are questioned here.

The award which is contested, insofar as the apportionment thereof is concerned, is that for continuing partial disability commencing February 1, 1955, which the board found " Due to said dermatitis " and the result of claimant's employment with the four employers equally. Thus the board found four periods of total disability culminating in a partial disability which the board attributes to the four employments. There was proof that after claimant contracted dermatitis and became disabled in the first employment, she suffered a flare-up or exacerbation upon exposure to the offending chemicals in each of the three subsequent employments. There was, also, medical proof that these successive exposures and recurrences in these three employments increased the degree of claimant's basic sensitization from that existing as the result of the disability incurred in the first employment. Although the board has not expressly indicated that it is this increased or aggravated sensitization which underlies the ultimate partial disability which is the subject of the award, we deem this the fair intendment of its findings, particularly in the absence of any substantial conflict in the medical testimony bearing on this subject.

Appellants rely upon section 44 of the Workmen's Compensation Law which provides, in part: " The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease, except silicosis or other dust disease, was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be proportioned to the time such employee was employed in the service of such employers ". The board's memorandum decision held that under section 44, an equal apportionment was properly determined by the referee. Under that section, however, the only apportionment authorized is upon the basis of time of service in each employment.

Section 44 complements section 40 and is meaningful only as it implements that section (*Matter of Kilby* v. *Wilson Mem. Hosp.* 278 App. Div. 273), which is headed " Time limit " and bars compensation for disability resulting from disease, due to the nature of the employment, contracted more than 12 months prior to the date of disablement, except that the time limit thus

imposed shall not apply when both contraction and disablement occur during a continuous employment by the same employer. Section 45 provides for notice to and claim against the last employer during the 12 months' period and section 46 requires information to be furnished as to the claimant's prior employers during that period, this to enable the "last employer to take proceedings against a prior employer under section forty-four".

Section 44, and the other provisions with which it must be read, seem to be designed to fix a simple and practical means of assuring prompt compensation to the disabled employee, while relegating the often difficult question of basic causality to litigation by the employers who may be concerned. Further, the sections referred to appear to contemplate a single incidence of the disease and a single disablement therefrom, for which compensation may be apportioned under section 44. This view seems fortified by the references in sections 40, 45 and 46 to the 12 months' period, which would appear unrealistic if applicable to cases, such as this, where a period of disablement may be followed by an interval of quiescence and a new employment and these by sporadic recurrences, with resulting disablement, induced by additional exposures in new employments. As was said in the Kilby case (supra, p. 276), the statutory scheme "relates to a situation where within a year there has, within section 40, been employment by more than one employer." If section 44 prescribes the sole means of apportionment for a new disablement, following aggravation and recurrence, the time limitation would permit a prior employer primarily responsible for the condition to escape apportionment if the section, as supplemented by sections 45 and 46, is to be read literally, although he could doubtless be held solely liable for a recurrence, even after 12 months, and certainly so if there had been no intervening employment contributing to the new disablement. (Matter of Bernhardt v. Curtiss-Wright Corp., 279 App. Div. 812, affd. 304 N. Y. 793.) Again, the apportionment statute provides for claim by the employees against the last employer only, and for claim by the latter against prior employers, while in this case claim had been filed and an award for the first disability made against the first employer before the last employment had begun. None of the parties here contend for any time limitation and the narrow question presented by the certificate in the record is not whether, but how, the compensation for the latest disability shall be apportioned.

While, for the reasons stated, we deem section 44 inapplicable, we find no basis for appellants' contention that liability for

an occupational disease must be apportioned thereunder or not at all. We do not conceive that this specific statutory remedy contemplates successive disablements or excludes relief by way of apportionment in cases of multiple causation of an ultimate aggravated disability. The right to apportionment in case of a disability resulting from two or more injuries due to separate industrial accidents has long been recognized (*Matter of Anderson* v. *Babcock & Wilcox Co.*, 256 N. Y. 146). We perceive no reason for denying the application of the same rule in cases of disability due to industrial diseases when multiple causation can be shown. While the precise question does not appear to have been decided, there has been at least partial recognition of the multiple liability to be imposed, under general principles of causation, upon distinguishing "between the increased disability resulting from the natural progress of the disease and that resulting from the added exposure." (2 Larson on Workmen's Compensation Law, § 95.26.)

The board's determination is supported by substantial evidence.

The decision and award should be affirmed, with costs to respondents employer and carrier against the appellants.

Foster, P. J., Coon and Halpern, JJ., concur.

Decision and award affirmed, with costs to respondents employer and carrier against the appellants.