■ In the Matter of the Claim of VIRGINIA GUARDI, Respondent, v. GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board finding that claimant had developed a work-connected occupational disease in her left wrist and an award for temporary total disability based thereon. The board has found that claimant developed rheumatoid arthritis of the left wrist which was "attributable to the trauma in small doses * * * repeated over the years" from her employment activities entailing the assembling of electrical equipment and set February 23, 1965 as the date of disablement. The appellants do not dispute the diagnosis of rheumatoid arthritis but urge that it is not an occupational disease and that, in any event, it was not causally related to employment. They further claim that the date of disablement found by the board is not supported by substantial evidence and finally that the claim was not timely filed. We find no merit in any of these contentions. We cannot say that the board could not find on the instant record that claimant's job, involving the daily winding and cutting of thousands of coils, did not precipitate the disease. Dr. Krohn, while

admitting that the "cause of rheumatoid arthritis is unknown" and that claimant did have a "pre-existing vulnerability of the [left wrist] joint", clearly opined that her work activity was a "most important" precipitating cause of her condition. Of course, the acceptance of this position and the rejection of the contrary view of the appellants' medical expert was clearly the prerogative of the board (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Similarly the board could rely on Dr. Krohn's testimony to support its finding of an occupational disease. Dr. Krohn testified that without the repeated wrist movement and exertion entailed in her daily work activities claimant might never have developed the instant condition. This testimony coupled with the testimony as to the nature of her employment activities clearly could be found to indicate that a distinctive feature of her employment, common to all jobs of that sort and beyond the hazards attending employment in general, was responsible for the condition and thus that an occupational disease was involved (*Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.,* 17 A D 2d 76, affd. 13 N Y 2d 1102; *Matter of Harman* v. *Republic Aviation Corp.,* 298 N. Y. 285). The fact that the exact cause of rheumatoid arthritis is unknown, of course, is not dispositive (see, e.g., *Matter of Mosher* v. *Ruppert,* 26 A D 2d 862, mot. for lv. to app. den. 18 N Y 2d 583; *Matter of Benware* v. *Benware Creamery,* 22 A D 2d 968, affd. 16 N Y 2d 966). Finally with respect to the issues of date of disablement and timeliness of filing, it is sufficient to point out that no definite diagnosis of the occupational disease which ultimately disabled the claimant was made prior to that date (*Matter of Richardson* v. *National Container Corp.,* 23 A D 2d 904; *Matter of Montalvo* v. *Pioneer Pizza Pie Corp.,* 20 A D 2d 603). Accordingly, we find no basis to disturb the board's factual determination of the date of disablement (*Matter of Ciavarro* v. *Despatch Shops,* 22 A D 2d 312, mot. for lv. to app: den. 15 N Y 2d 486) and the claim was, therefore, filed well within the prescribed two-year statutory limitation. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.