■ In the Matter of the Claim of ROSE BRUZDOWSKI, Respondent, v. COLECO INDUSTRIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the employer and its carrier from decisions of the Workmen's Compensation Board filed May 24, 1967 and September 20, 1967 awarding benefits. Over a period of several weeks, claimant was assigned to placing metal rails, weighing 3 to 4 pounds each, in a box on a conveyor belt some 5 feet above the floor. After performing this work for a while claimant began to experience pains in the middle of her back and the bottom of her abdomen, describing the pain as coming "gradually, the more I did it the more it pained me". While her attending physician made a diagnosis of lumbosacral strain and strain of the abdominal muscles, he described her resulting condition as "a gradual development sort of thing, but at some time the pain has to start, but the events leading up to that would certainly contribute to it"; and Dr. Button expressed an opinion that the claimant had a weakness in her back and that her work brought on her symptoms. The board in basing its findings of an "accidental injury arising out of and in the course of employment" stated that it resulted from "the repetitive bending and lifting that claimant did during the one month period prior to April 12, 1965, causing lumbosacral strain and strain of the abdominal muscles". Appellants correctly contend that the record does not reveal substantial evidence to sustain a finding of an accident. Neither does the evidence nor findings point to an accident "assignable to a determinate or single act" or "to something catastrophic or extraordinary" within the holding of *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153, 155); and as we stated in *Matter of Scuderi* v. *Miss Ann Dresses,* (24 A D 2d 905), "We find nothing to distinguish this case from others of repeated minor trauma in which awards had to be

reversed. (See, e.g., *Matter of Steindel* v. *Gordon Baking Co.,* 9 A D 2d 798; *Matter of Hoare* v. *Great Atlantic & Pacific Tea Co.,* 8 A D 2d 561.)" The respondent board has mistakenly relied on *Matter of Greensmith* v. *Franklin Nat. Bank* (21 A D 2d 576, affd. 16 N Y 2d 973), where we held that "the sudden and dramatic collapse of claimant's neck was evidence of accident at its clearest" (p. 578), wherein we discussed "'the view that suddenness may be found in either cause or result.' (1 Larson, Workmen's Compensation Law, § 39.10) ". Here there was neither (e.g. *Scuderi* v. *Miss Ann Dresses, supra,* p. 906). Admittedly, the claimant's condition gradually developed with no element of suddenness, nothing catastrophic nor any incident which could be regarded as an accident by the common man. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.