■ In the Matter of the Claim of Teresa Pacifico, Respondent, v. Treadway Inns Corporation, Doing Business as Baron Steuben Hotel, et al., Appellants. Workmen's Compensation Board, Respondent.— Cooke, J. Appeal from a decision of the Workmen's Compensation Board, filed April 28, 1969, which affirmed an award to the claimant for disability due to causally related dermatitis, an occupational disease. Claimant, a baker, worked in a hotel bake shop located in a basement where it was steamy and hot, the temperature being 95 to 100 degrees and with even more intense heat when the oven was open. In April, 1965 she developed a lesion, a pustule and infection on her cheek, and in June of 1966 her face became red, sore and swollen. A year later she continued to have more difficulty and, upon following her doctor's advice to stop work, there was definite improvement and the face pustules cleared in two weeks. The only physician to testify related that claimant has a "seborrheic type of skin", a common type in which the oil glands become blocked and that it was "congenital in the sense that brown hair is congenital; just the condition of a person's make-up". He further testified that "when she is exposed to the heat and develops the inflammation, then she develops the true dermatitis with actually secondary infection and inflammation of the skin" and that claimant would not be likely to have the dermatitis "if she had never worked in a bakery or some other place having a greater degree of heat than would be found in the normal course of employment". The mere fact that a seborrheic skin type is not an occupational disease does not make the disabling dermatitis nonoccupational. The regular exposure to extreme heat was certainly a distinctive feature of claimant's job, common to all jobs of that sort, and constituted the essential "recognizable link" between the employment and disease (cf. *Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.,* 17 A D 2d 76, 78, affd. 13 N Y 2d 1102) and the fact of claimant's sensitivity to the heat does not bar a decision in her favor (*Matter of Benware* v. *Benware*

*Creamery*, 22 A D 2d 968, affd. 16 N Y 2d 966; *Matter of Zecca* v. *Levinsohn & Co.*, 12 A D 2d 676, mot. for lv. to app. den. 9 N Y 2d 610; *Matter of Ciampa* v. *Tripp Plating Co.*, 3 A D 2d 621), awards having been upheld where a claimant has had a predisposition through sensitivity or allergy to a disabling dermatitis (*Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672; *Matter of Coble* v. *Remington Rand*, 7 A D 2d 676; *Matter of Silverman* v. *Ralph Constr. Co.*, 5 A D 2d 710, mot. for lv. to app. den. 4 N Y 2d 676). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.