■ In the Matter of the Claim of LETHA GUIDERA, Respondent, *v.* ABELOVE'S LAUNDRY, Doing Business as ASSOCIATED LAUNDRIES OF AMERICA, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the

Workmen's Compensation Board, filed April 4, 1969. On November 2, 1965 George Guidera died while he was cleaning an ironer with an airgun and hose weighing about 20 pounds at the employer's laundry. In order to clean the lint from the ironer, it was necessary for him to crawl under the machine with about eight inches of clearance space above him and, while on his back or side with his arms outstretched, to direct the airgun with 100 pounds pressure at any lint in the machine. At about 12:35 A.M. on November 2, 1965 the decedent was found under a hot machine where he was lying with the airgun in his hands. Attempts to revive him were unsuccessful and the coroner gave as the causes of death, coronary occlusion and coronary sclerosis. On November 22, 1966 a claim for death benefits was filed by the widow on behalf of herself and her minor children. Four doctors testified at the hearings before the Referee. Claimant's two medical experts testified to causal relationship, the coroner, who was also a doctor, expressed an ambiguous opinion, and appellant's expert found no causal relationship. The Referee made an award which was rescinded by the board for the purpose of submitting the record to an impartial cardiologist for study and opinion on the question of causal relation between the death and the decedent's work activities by reason of the conflicting medical testimony. The impartial specialist concluded that the decedent "had a spontaneous coronary occlusion which caused sudden death that this episode was not related to the physical activity involved in his employment." Thereafter, a majority of the board determined "that decedent's employment activities on November 2, 1965 which required him to manually operate an air hose with his arms either raised or at his side for a period of some ten or fifteen minutes, while on his back, in a limited space underneath a still-warm ironer, were strenuous, required the expenditure of more than normal exertion and were a contributing factor in his death." Appellants contend that the decedent did not sustain an accident within the meaning of the Workmen's Compensation Law, and that the finding of causal relationship between the work activities and the death is not supported by the evidence. "Work overhead with arms and body stretched upward has frequently been held to have satisfied the requirement of unusual or excessive strain." (*Matter of Nicolas* y. *August Luchow, Inc.,* 32 A D 2d 1004.) The board was not bound to accept the impartial specialist's testimony in entirety as it, "'was not required to accept or reject the whole of each medical opinion'". (*Matter of Jackson* v. *Aarlin Realty Co.,* 23 A D 2d 598, 599.) The record presents a conflict of medical evidence which was resolved in the "exercise of fact-finding power which is entirely within the province of the Board". (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 532.) "While speculative medical evidence is not sufficient to support a claim, the use by medical experts of such expressions as 'possibly', 'probably', or 'could', does not necessarily brand their testimony as speculative so as to defeat a claim where substantial medical evidence of causal relationship is presented by the whole record." (*Matter of De Nucci* v. *Navajo Frgt. Lines,* 31 A D 2d 868.) Here, substantial medical evidence of causal relationship is presented by the whole record, and the determination should be sustained. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.