■   In the Matter of the Claim of JOSEPH OLIVERI, Respondent, v. RUDOLPH FAUST, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J.   Appeal from a decision of the Workmen's Compensation Board, filed January 3, 1969, awarding claimant benefits upon a finding that he had sustained an occupational disease.   An earlier decision of the board in favor of claimant was reversed by this court and remitted for further consideration (23 A D 2d 610).   Claimant worked on ink mixing machines, the operation of which exposed him to dust and fumes.   The board initially found that claimant sustained an " aggravation of underlying asthma and bronchitis, precipitating emphysema ".   This, however, was an insufficient predicate for an award based upon occupational disease, since there was no finding that the underlying condition was occupational in nature.   Aggravation of a condition which is not occupational in nature cannot be considered an occupational disease (Matter of Detenbeck v. General Motors Corp., 309 N. Y. 558).   Upon remittal, respondent's doctor testified that the exposure in respondent's work area was a competent producing cause of acute bronchitis.   Persistence of the exposure would convert the bronchitis to chronic asthma and finally to emphysema.  Appellants contend that respondent's condition was the result of an aggravation of a prior nonoccupational condition, urging that the asthma was incurred in childhood.   It was the opinion of the appellants' doctor that the pre-existing asthma was not occupational in nature since respondent had suffered from asthma since childhood.   Respondent's doctor refuted this, testifying that he did not believe that respondent had pre-existing emphysema since his asthmatic condition had been quiescent for a long period of time.   He further testified that in his opinion respondent would have developed emphysema even if there had been no pre-existing condition.   In essence, the board found that claimant's condition was aggravated by exposure at work, and that such exposure would initially cause such condition were there no pre-existing illness.   Disability caused solely by aggravation of a pre-existing condition is compensable if the pre-existing condition is occupational in nature — if the particular exposure would initially cause such a disease were there no pre-existing condition, so as to establish occupational disease generally (Matter of Dorman v. New York State Dept. of Public Works, 22 A D 2d 725; see Matter of Benware v. Benware Creamery, 22 A D 2d 968, 970, affd. 16 N Y 2d 966).   There was, therefore, substantial evidence upon which the board could conclude that the emphysema condition was occupational in nature.   (Matter of Dorman, supra; Matter of Benware, supra.)   Decision affirmed, with costs to the Workmen's Compensation Board.   Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.