█ In the Matter of the Claim of Louis H. Solomon, Respondent, v. Gannett Co., Inc., et al., Appellants. Workmen's Compensation Board, Respondent.— Sweeney, J. Appeal from a decision of the Workmen's Compensation Board, filed March 27, 1969, and from a supplemental decision, filed August 12, 1969, which determined that the temporary aggravation of an osteoarthritic condition of claimant's right elbow constitutes an occupational disease. Claimant had been employed by appellant for 23 years as a mailer. His job involved the handling of newspapers and, among other things, the loading of them on trucks for delivery. All aspects of the job necessitated repeated movement of arms and hands. Claimant began to experience pain in the right arm in 1966 which persisted, resulting in the institution of this proceeding on January 2, 1968. The medical testimony is consistent and uncontradicted that claimant had a pre-existing hypertrophic and degenerative arthritic condition of the elbow, not caused by his work, but aggravated by it. Thus we are squarely confronted with the question of whether an aggravation of this pre-existing degenerative arthritic condition not caused by the employment is an occupational disease. Under the existing law, both statutory and decisional, the question must be answered in the negative. There has been an avalanche of decisions dealing with this problem, made troublesome by a nuance of factual circumstances. Each case, however, must be determined on its own particular facts. The leading case of *Matter of Detenbeck v. General Motors Corp.* (309 N. Y. 558, 560), outlines the necessary prerequisites for the finding of an occupational disease in the following language: " There must be a recognizable link between the disease and some distinctive feature of the claimant's job, common to all jobs of that sort." The court further specifically stated that the aggravation of a condition not occupational in nature cannot be considered an occupational disease. *Detenbeck* has been consistently followed. (*Matter of Goldberg v. Conversions*

& Surveys, 6 A D 2d 563; Matter of Dorman v. New York State Dept. of Public Works, 22 A D 2d 725; Matter of Paider v. Park East Movers, 19 N Y 2d 373, and most recently by this court in Matter of Oliveri v. Rudolph Faust, Inc., 33 A D 2d 1090.) While in the instant case there was sufficient evidence to substantiate a conclusion that claimant's work activities contributed to his disability, his basic arthritic condition was not occupational and, therefore, claimant's disability is not compensable. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.