■ In the Matter of the Claim of ROSE GRISANTI, Respondent, v. RUGBY KNITTING MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board holding that claimant had a permanent and total disability subsequent to April 16, 1970 as the result of a previously found occupational disease. By decision dated October 24, 1969, the board found that the claimant was totally disabled due to byssinosis, that causal relationship between claimant's condition and her occupation as a sewing machine operator had been established and that her ailment was an occupational disease. The appellants did not contest this decision further and paid the claimant compensation at the total disability rate until February 25, 1970 when, based upon a medical report of its own consultant, the carrier reduced the weekly compensation payments by 50%. Appellants' position is that the aggravation due to byssinosis of claimant's pre-existing condition caused by her short period of employment with the appellant-employer had abated and that claimant was left solely with her pre-existing acute progressive bronchitis and emphysema. There is medical testimony, however, that claimant's condition had not changed, that she was still totally disabled from work and that such disability was related to her byssinosis condition. Thus the record contains only a conflict in medical testimony and the board having chosen between the conflicting opinions, each based on the same facts, the board's determination must be affirmed (e.g., *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 532–33). Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.