■ In the Matter of the Claim of ANITA E. STROUSE, Respondent, v VILLAGE OF ENDICOTT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 30, 1974, as amended on November 22, 1974, which awarded benefits to the claimant for occupational disease. Claimant was employed as a "meter maid" for approximately 14 years for the Village of Endicott Police Department. Her duties required long periods of walking on village streets. Claimant suffers from a condition known as cavus foot, wherein the arches are higher than normal, which condition, it is not disputed, pre-existed her employment as a meter maid. However, she had never suffered any pain or had any other problems with her feet until she began to experience pain in the right foot in March of 1972. Surgery in April, 1972 did not alleviate the pain which recurred and persisted when she resumed her employment subsequent to the surgery. Ultimately her condition became so painful that she was unable to continue in her employment after February 8, 1973. Appellants contend that claimant suffers from an aggravation of a nonoccupational condition and, therefore, is not entitled to benefits under the rule of *Matter of Detenbeck v General Motors Corp.* (309 NY 558). While appellants' statement of the *Detenbeck* rule is correct, we disagree as to its application on the facts of this case. The board, acknowledging the congenital nature of claimant's underlying cavus foot condition, found that "except for the nature of claimant's employment requiring continuous walking on hard pavement, as an essential element in the discharge of her employment duties, the congenital condition would not have progressed *so as to cause* the resultant pain and *disability* and this

constitutes an occupational disease" (emphasis supplied). It is the finding that claimant's duties caused the disability that is crucial here. As we held in *Matter of Benware v Benware Creamery* (22 AD2d 968, 969, affd 16 NY2d 966), the test of *Detenbeck* is satisfied where "there is proof of a disability brought on by a 'distinctive feature of the claimant's job, common to all jobs of that sort' *(Matter of Detenbeck v General Motors Corp., supra,* p 560)" (22 AD2d 969). Here, claimant had no pre-existing disability; the disability was brought on by the duties of her employment. Thus, claimant can be said to have been merely predisposed to an occupational disability as was the claimant in *Benware,* and that disability is the result of activation of a dormant condition rather than aggravation of a previously active one. In this regard, the present case is no different in concept than *Matter of Pacifico v Treadway Inns Corp.* (33 AD2d 1069), where claimant had a "seborrheic type of skin", which, though congenital, had remained dormant until her occupational environment activated disabling symptoms. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.