■ In the Matter of the Claim of ELIAS LOPEZ, Respondent, v HERCULES CORRUGATED BOX CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 8, 1974 as amended on January 31, 1975, which found a compensable occupational disease and awarded benefits to claimant. Claimant's work for 24 years involved standing at a machine and inserting and folding corrugated cardboard into such machine, which then automatically taped large 150-pound corrugated boxes. For at least 20 years he was asymptomatic of any disabling condition of his hands or feet. After gradual development of painful eruptions on his hands and feet, he ceased working in August of 1972 with what was diagnosed by three dermatologists as keratosis punctata, a disease attended by horny growths in which the lesions are localized in multiple points (Dorland's Medical Dictionary [23d ed], p 711), the etiology of which disease is unknown. The board found that claimant's work activity caused a severe aggravation of an asymptomatic underlying condition which became symptomatic; that there was a recognizable link between claimant's occupation and his disability; and that such disability constituted an occupational disease. Appellants contend that there can be no occupational disease with concomitant disability when the work activity aggravates an underlying condition which itself is not occupational in origin, relying on Matter of Detenbeck v General Motors Corp. (309 NY 558). We do not agree. As we stated in the recent case of Matter of Strouse v Village of Endicott (50 AD2d 635) wherein this same contention was asserted, "it is the finding that claimant's duties caused the disability that is crucial." Claimant's condition had remained dormant until his work duties activated disabling symptoms. (See Matter of Pacifico v Treadway Inns Corp., 33 AD2d 1069, mot for lv to app den 26 NY2d 612.) Since claimant's disease has been linked to his continuously standing at a machine and continuously exerting pressure with his hands inserting corrugated cardboards into the machine, it does not matter whether the causative factor was a precipitant or an aggravation. (Matter of Benware v Benware Creamery, 22 AD2d 968, 970, affd 16 NY2d 966.) Considering the entire record, we find sufficient evidence to support the board's determination that this was an occupational disease. (See Matter of D'Angelo v Loft Candy Corp., 33 AD2d 1077, affd 28 NY2d 573.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.