■ In the Matter of the Claim of WILLIAM S. GREER, Respondent, v GREEN ISLAND CONTRACTING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed November 14, 1974 and an amended

decision filed October 16, 1975. From April 10, 1970 to December 14, 1970 claimant worked for the employer herein as a highway construction roller operator. Shortly thereafter, on December 21, 1970, he consulted Dr. Erwin Lindenfeld because his back had been bothering him, and Dr. Lindenfeld diagnosed his condition as "left anticus paresis and radiculitis * * * recent" and referred him to Dr. Harold Weichert, who performed a laminectomy on claimant on February 10, 1971. Subsequently, claimant filed a claim for compensation on September 19, 1972. The board awarded benefits to claimant on the ground that his ultimate disabling condition was caused by the nature and conditions of his employment and excused his failure to give his employer timely notice of his condition. On this appeal, appellants contend that the board's finding that claimant's condition is compensable is not supported by substantial evidence and is erroneous as a matter of law. We disagree. Substantial evidence in the record supports a finding that, while claimant had no pre-existing disability, his duties as a vibrating machine operator served to activate a previously dormant condition, i.e., osteoarthritis, and resulted in his disability (cf. *Matter of Lopez v Hercules Corrugated Box Corp.,* 50 AD2d 1048; *Matter of Strouse v Village of Endicott,* 50 AD2d 635). Moreover, the board likewise properly excused claimant's tardy notice to his employer of his disabled condition since the record indicates that the delay neither aggravated claimant's injury nor hindered appellants in the preparation of their defense (see 3 Larson, Workmen's Compensation Law, § 78.32, p 15–58). Accordingly, an award of compensation benefits was proper. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.