In the Matter of the Claim of ABRAHAM PEREZ, Appellant, v PEARL-WICK CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 3, 1977

*Sher & Herman, P. C. (Jerald M. Herman* of counsel), for appellant.

*Peter M. Pryor (John M. Cullen* of counsel), for Pearl-Wick Corporation and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. P. This is an appeal from a decision of the Workmen's Compensation Board, filed July 3, 1975, which reversed a decision of a Referee and denied claimant's claim for benefits for occupational disease.

Claimant was employed by the respondent employer since 1954. His work required the use of a staple gun with the right hand and the pulling of material with the left hand. In 1959 claimant began to experience difficulty with his joints, especially the right hand, and first received medical attention in that year. He continued in the same employment until 1971, when he could no longer perform that kind of work. The majority of the board panel in a finding which is not disputed and which is supported by substantial evidence, has found that claimant suffers from a condition of rheumatoid arthritis.

There is testimony in the record indicating that the continuous trauma of the kind to which claimant was exposed in his work with a high pressure staple gun could initiate symptoms of rheumatoid arthritis (see *Matter of Guardi v General Elec. Co.,* 30 AD2d 738), but the majority found that there was no causal relation between claimant's condition and his employment, under the rule enunciated in *Matter of Detenbeck v General Motors Corp.* (309 NY 558).

If the question before us were merely one of substantial

evidence, the decision would have to be affirmed, since there was conflicting testimony on the question of causal relation which the board was free to resolve in accordance with the testimony deemed more credible. (We note that the testimony of Dr. Rawls could not have been relied upon in finding no causal relationship since he did not accept the diagnosis, which the board found of rheumatoid arthritis.) However, insofar as the record suggests that the focus of inquiry was upon the issue of whether or not claimant had a pre-existing susceptibility to this condition, and the board's opinion does not indicate the findings which warrant denial of an award under *Detenbeck,* the decision must be reversed and the matter remitted for further proceedings in light of recent cases in which we have refined the *Detenbeck* rule.

For many years there was some confusion over the question of the compensability for an occupational disease where the particular claimant suffered from a pre-existing condition which was described as having been aggravated by his employment (cf., e.g., *Matter of D'Angelo v Loft Candy Corp.,* 33 AD2d 1077, affd 28 NY2d 573 and *Matter of Benware v Benware Creamery,* 22 AD2d 968, affd 16 NY2d 966, with *Matter of Solomon v Gannett Co.,* 34 AD2d 699 and *Matter of Oliveri v Rudolph Faust, Inc.,* 33 AD2d 1090). In two recent cases, we have clarified the circumstances in which the existence of or susceptibility to a pre-existing condition which is in some way exacerbated by one's employment is not a disqualification from compensability for occupational disease. In *Matter of Strouse v Village of Endicott* (50 AD2d 635) we established the distinction that compensation is not payable for the aggravation of a previously active condition, but where an employee "suffers" from a condition which is dormant and not disabling, and the distinctive feature of the employment causes disability as a result of the activation of that condition, compensation for occupational disease is payable. In *Matter of Lopez v Hercules Corrugated Box Corp.* (50 AD2d 1048) we reaffirmed the rule of *Strouse* so as to allow compensation where an asymptomatic underlying condition is aggravated so as to become symptomatic by the employment. The ultimate test is not the initiation or precipitation of the disease itself, but whether the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist.

In the present case, the board has found that claimant

suffers from rheumatoid arthritis and there is little dispute that that condition became active during the time he was employed with the respondent employer. The focus of the board's inquiry should have been on the question of whether or not claimant's disability rather than his disease was causally related to his employment.

The decision should be reversed, with costs to appellant against the employer and its insurance carrier, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

SWEENEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Decision reversed, with costs to appellant against the employer and its insurance carrier, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.