■ In the Matter of the Claim of ISADORE RUBIN, Respondent, v KEEBLER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation

Board, filed May 29, 1975, as amended by decisions filed February 5, 1976 and January 14, 1977, which reversed a referee's decision and excused claimant's failure to serve timely written notice of his industrial accident on his employer. On March 13, 1972, claimant was hospitalized with a myocardial infarction which was subsequently determined by the board to constitute a compensable industrial accident. Appellants do not here dispute that determination, but challenge only the propriety of the board's excusing claimant's failure to give his employer timely written notice of the accident in accordance with section 18 of the Workmen's Compensation Law. With regard to this latter issue, the board found that: "On the basis of claimant's giving oral notice to the night manager that the employer had knowledge of claimant's condition and therefore was not prejudiced by claimant's failure to give timely written notice." There is substantial evidence to sustain the determination of the board. In addition to claimant's statements to the night manager, as he left work on the Thursday and Friday prior to his infarction on Sunday, March 13, 1972, to the effect that he felt ill, the record further indicates that on the following day, March 14, 1972, the employer was orally notified of claimant's attack. It further appears that claimant received immediate and proper medical attention for his illness and that his wife subsequently called the employer and asked for compensation papers for her husband. Under all of these circumstances, the board was justified in excusing the lack of written notice to the employer, which was not prejudiced since it had ample opportunity to investigate the accident and claimant received prompt medical treatment. Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.