■ In the Matter of the Claim of CARROLL SMITH, Respondent, v I. R. EQUIPMENT CORP. (Ingersoll Rand Co.) et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed August 10, 1976, November 4, 1976 and May 19, 1977, as corrected by decision filed May 25, 1977, which affirmed awards to claimant for total disability. Claimant worked as a grinder from 1970 to May 8, 1974 when he was hospitalized. Among other conditions, not relevant here, claimant was diagnosed as suffering from pulmonary emphysema with insufficiency, bronchitis and pulmonary silicosis. After two applications for rehearing, the board affirmed the decision of the referee that claimant is totally permanently disabled by reason of a causal relationship between a pre-existing condition of advanced emphysema accompanied by acute bronchitis and the inhalation of dust created by the nature of claimant's work. The referee found no evidence of silicosis and the board affirmed. This appeal by the employer and its carrier ensued. There must be an affirmance. Appellants' contention that the principle enunciated in *Matter of Detenbeck v General Motors Corp.* (309 NY 558) is dispositive and mandates reversal is without merit. In *Detenbeck,* the pre-existing condition was congenital in nature and claimant's employment amounted only to the ordinary wear and tear of life. Here, the prior asymptomatic condition was activated by the grinding of hard metals on stone wheels which is beyond the ordinary wear and tear *(Matter of Goldberg v 954 Marcy Corp.,* 276 NY 313). In any event, this court, in *Matter of Perez v Pearl-Wick Corp.* (56 AD2d 239), noted that we have recently clarified the circumstances in which the existence of a susceptibility to a pre-existing condition exacerbated by employment is not a disqualification for benefits for occupational disease (cf. *Cornwell v Rockwell,* 59 AD2d 475; *Matter of Strouse v Village of Endicott,* 50 AD2d 635; *Matter of Lopez v Hercules Corrugated Box Corp.,* 50 AD2d 1048). In *Strouse,* we held that compensation is not payable for the aggravation of a previously

active condition, but where such condition is dormant and not disabling and there is a nexus between the employment and the activation of the dormant condition, compensation is payable. In *Lopez,* we again followed the rule by holding that when employment activates an asymptomatic condition, benefits follow. Inherent in both *Strouse* and *Lopez* is the point that employment must act upon a disease and condition in such a manner as to cause disability which did not previously exist. This case clearly falls within the *Strouse* and *Lopez* principle. Claimant has several pre-existing but nondisabling conditions of emphysema and bronchitis which his employment activated into total disability to work. Here, as in most cases, there is conflicting expert proof as to causal relationship and the board was free to accept the testimony deemed more credible. Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Kane, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.