◼ In the Matter of the Claim of CRUZ RODRIGUEZ, Respondent, v ATLANTIC GUMMED PAPER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 22, 1976. Claimant worked continuously for 22 years since 1951, except for a brief interval in 1967, as a helper in the laminating department of his employer, a manufacturer of reinforced gummed paper. By means of a laminating machine, twisted fiberglass threads are embedded between two sheets or rolls of craft paper. Two such machines were located on the third floor of the plant. Each was fed by 400 spools of fiberglass yarn at about 55 yards a minute. Claimant was exposed to fiberglass dust most of the time. Fiber and dust particles were actually visible in the atmosphere at times. Claimant felt a peculiar pain or itch in his skin two years after he started work. Four or five years later he developed shortness of breath. This condition worsened gradually. In 1964 or 1965 he was advised to leave his work by a doctor he had consulted but remained on the job until October 24, 1973. Claimant was confined at the Columbia Hospital from October 27, 1973 to December 2, 1973 and then at

the Veteran's Hospital in the early part of 1974. In both hospitals, his illness was diagnosed as asthmatic bronchitis. An examination of his sputum at the Columbia Hospital in October, 1973 revealed the presence of fiberglass fibers. Claimant's medical expert, Dr. Anthony Nissen, a chest specialist who had treated claimant, concluded claimant had contracted "asthmatic bronchitis" which, in his opinion, was related to claimant's employment. Dr. Nissen testified: "In his case, being a non-smoker and with the description of the atmosphere in which he had worked, and he had described approximately a thirteen year history of wheezing and coughing and shortness of breath, I felt that the environment in which he worked was probably at least a contributing factor if not the cause of bronchitis, which he has; and certainly, if it were due to some other cause, certainly, the environment in which he was working would be an aggravating factor to his condition. I don't think there's any question about that." The carrier's medical expert testified that claimant had asthmatic bronchitis but that "his occupation had nothing to do with it." Appellants contend that the board's determination that claimant's disabling condition was an occupational disease is not supported by substantial evidence. We disagree. The facts here justify the board's finding that the disability was an occupational disease. The test is "whether the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist" (*Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241; *Matter of Cornwell v Rockwell Int.,* 59 AD2d 475; *Matter of Oliveri v Rudolph Faust, Inc.,* 33 AD2d 1090, mot for lv to app den 26 NY2d 613). The board was free to selectively adopt or reject segments of Dr. Nissen's medical opinion (*Matter of Guidera v Abelove's Laundry,* 33 AD2d 1070, 1071). It is further claimed that the referee erred in restricting appellants' cross-examination of Dr. Nissen regarding a carrier report not entered in evidence. There was no error in such ruling. The referee, as hearing officer, did not abuse his discretion. The report dealt with conditions existing in 1975, some two years after claimant last worked at the factory, and the conditions were not shown to be the same as existed during the time of claimant's employment. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.