◼ In the Matter of the Claim of CARMELLA FORTE, Respondent, v LARCHMENT MANOR PARK SOCIETY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed January 17, 1979. Rocco Forte, on December 8, 1971, was employed by Gunn Brothers & Rye Fuel Company as a fuel oil truck driver. On that day, in making an oil delivery, he was required to drag a two-inch hose filled with oil about 100 feet up a small incline. During this process, he experienced pain in his chest and arms. Upon completion of this delivery, he drove to the office of his physician who caused him to be immediately hospitalized. He was treated for a myocardial infarction, and was released from the hospital on January 6, 1972. Claimant then received compensation for total disability until March 9, 1972 when he became employed as a security guard for Larchment Manor Park Society. On April 19, 1972, claimant lifted a portable air conditioner at his home and developed a sharp pain in his chest. He was again hospitalized and found to have incurred a new myocardial infarction in the same area of the heart. Claimant was released from the hospital on May 9, 1972, and subsequently returned to work for Larchment Manor Park Society. The above incidents were held by the board

to be causally related to the accident of December 8, 1971, in Case No. 0718 2903. On October 12, 1975, while in the course of his employment with Larchment, claimant slipped and fell, injuring his left leg, and again experienced pain in his chest which was relieved by nitroglycerin. The following morning while making coffee at 7:30 A.M. he again experienced an acute pain in the chest and both arms. On October 13, 1975, he was again admitted to the hospital where he remained until November 13, 1975 undergoing treatment for an acute myocardial infarction. This incident was before the Workers' Compensation Board in Case No. 0760 4428. Thereafter, claimant returned to work with Larchment. On April 29, 1976, claimant was again forced to stop working and was admitted to the hospital on May 10, 1976. Claimant went into cardiac arrest and died on May 12, 1976 while in the recovery room following a coronary angiogram. This incident was before the Workers' Compensation Board in Case No. 0764 9902, and was found to be causally related and the condition found was the totality of all the other incidents. On January 19, 1979, the board, having all of the above cases before it for review, found: "based on the testimony of Dr. Cutter and Dr. VanSeiver, that the accident of April 19, 1972 was consequential to and causally related to the accident in case no. 0718 2903 and such causally related disability is two-thirds due to case no. 0718 2903 and one-third due to case no. 0760 4428, and that accident, notice and causal relationship is established for a myocardial infarction in case no. 0760 4428. The Board further finds that claimant's death is causally related to accident of case no. 0718 2903. Payments are to be apportioned as above indicated. The Board also finds that the case is in need of further development on the question of section 15-8 liability." The employer Gunn Brothers & Rye Fuel Company and its carrier Argonaut Insurance Company appeal from this decision, contending that (1) the board's decision that claimant's death was causally related solely to the accident of December 8, 1971, is not supported by substantial evidence, and (2) the board's finding that the accident of April 19, 1972 was causally related to the accident of December 8, 1971 is not supported by substantial evidence. The employer Larchment Manor Park Society and its carrier Federal Insurance Co. also appeal from this decision contending that there is no substantial evidence to support the board's finding of accident, notice and causal relationship for a myocardial infarction on October 12, 1975 in Case No. 0760 4428 and thus there is no basis for the finding that Case No. 0760 4428 is one-third responsible for disability subsequent to October 12, 1975. The record contains medical opinions that the myocardial infarction of April 19, 1972 would not have been sustained were it not for the original infarction of December 8, 1971. The record also contains contrary medical opinions. With this conflict in medical testimony, the board was free to choose between the conflicting opinions, each based upon the same facts, and was free to accept or reject so much of the medical testimony as it found credible, the resolution of conflicting medical opinions being solely within the province of the board (*Matter of Rodriguez v Atlantic Gummed Paper Corp.,* 61 AD2d 873; *Matter of Saba v Adam's Refrig. Trucking,* 61 AD2d 858; *Matter of Grisanti v Rugby Knitting Mills,* 40 AD2d 1047). Similarly, there is conflicting medical testimony in the record as to whether the incident of October 12, 1975 precipitated the myocardial infarct sustained on October 13, 1975. The board, as it was free to do, chose the medical opinion that the incident of October 12, 1975 was related to the infarct of October 13, 1975 and that pre-existing pathology contributed to the infarct. The board's finding of causal relationship attributable to both cases is supported by substantial evidence which contains

medical evidence to the effect that the previous infarctions destroyed so much of the myocardium that it became hypokinetic and decedent was unable to withstand the effects of the angiogram. The board's decision should be affirmed. Decision affirmed, with one bill of costs to the Workers' Compensation Board against the employers and their insurance carriers. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.