◼    In the Matter of the Claim of LEO STEIN, Respondent, v NEW YORK TIMES COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 21, 1979, which held that claimant was disabled by reason of an occupational disease. Claimant, who had worked as a newspaper pressman for over 29 years, filed a disability claim due to occupational disease in the nature of asthmatic bronchitis and emphysema due to prolonged exposure to dust, fumes and ink. The claim was controverted and after hearings a referee held that claimant was disabled due to occupational hazards. Upon application by the employer and its carrier for review, the board rescinded the referee's decision and referred the case to the Chairman of the Workers' Compensation Board for the designation of an impartial specialist. Following the receipt of the specialist's report and the taking of his testimony, the board affirmed the referee's decision. This appeal by the employer and its insurance carrier ensued. While the specialist's report and testimony did not clearly establish a causal relationship between claimant's disability and his working conditions, both the report and oral evidence referred to recent medical studies in the printing industry suggestive of a positive relationship between bronchitis and the occupation of pressman. Juxtaposing this proof with that of claimant's doctor who unconditionally testified that claimant's occupation was the causative factor of his aggravated bronchitis and emphysema, the board affirmed the referee's conclusion and found an occupational disease. We agree. Under the applicable statute (Workers' Compensation Law, § 21) there is a continuing presumption that the claimant's occupational disease was work related. The Court of Appeals has held that where, as here, there is some evidence to rebut the statutory presumption, such proof is insufficient to work that effect if the board does not credit such evidence *(Matter of Daly v Opportunities for Broome, 39 NY2d 862)*. In the instant case, the board rejected the specialist's proof and relied on the testimony of claimant's physician who stated that claimant's constant inhalation of various noxious substances present in the environment of his employment caused the claimant's disabling condition. The board was free to choose between conflicting medical opinions, each based on the same facts, and was free to resolve the conflicting medical views by crediting one and rejecting the other *(Matter of Rodriguez v Atlantic Gummed Paper Corp., 61 AD2d 873)*. We cannot say the board's decision was not supported by substantial evidence. Decision affirmed, with one bill of costs to respondents filing briefs against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.