■ In the Matter of the Claim of SAMUEL J. DI NICOLA, Respondent, v CRUCIBLE STEEL, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed June 11, 1980 and November 18, 1980, which held that claimant became disabled on December 20, 1976 from obstructive pulmonary disease, an occupational disease, as the result of his employment over a period of 11 years by the self-insured employer, and affirmed a continuing award after April, 1977 at a temporary rate. Claimant, Samuel Di Nicola, commenced working for Crucible Steel in June of 1965 at which time he was given a physical examination by the employer which revealed mild obesity and mild hypertension. For the first six months he worked in "conditioner chip grind" where a large stone was used to shave steel bars. He stopped doing this work after six months because of the amount of dust resulting from the process. From 1966 to 1976 he operated various machines which cut steel. He testified that the conditions under which he worked were very bad, there being no ventilation, and with dirt flying around the building so that there was hardly any visibility. Other workers testified to the lack of ventilation, that the inside of a person's nose at the end of the work day would be pitch black, and that dust and smoke were present. In 1971, claimant went to Dr. Enders with complaints as to his breathing. Dr. Enders diagnosed a bronchitis condition and testified that claimant's exposure to dust, smoke and fumes in his occupation "contributed quite a bit" to his disability from said condition. Dr. Enders stated that claimant has been "functioning right along" until "all of a sudden things started getting worse and [he] began to have more and more respiratory infections." He indicated that claimant's work environment was a contributing cause which "pushed him over" to his disability. It was his opinion that "[t]he industrial exposure could precipitate this a little faster than would ordinarily."

Dr. Enders' testimony permitted the conclusion that claimant's work did not make his pulmonary condition better and would worsen it if he was to be in that type of environment in the future. Dr. Sipple, a specialist in pulmonary diseases, saw the claimant on referral from Dr. Enders on April 13, 1976. He made a diagnosis of chronic obstructive pulmonary disease aggravated by industrial exposure. In regard to a change in claimant's work environment, Dr. Sipple stated, "I felt that he could return to gainful employment if the gainful employment was not in a dusty atmosphere * * * because it does aggravate his lung disease." Dr. Miller, a pulmonary disease specialist who examined claimant for the employer on November 16, 1978, originally denied any work-related aggravation of claimant's pulmonary condition. However, on cross-examination, after considering claimant's testimony as to his working conditions, Dr. Miller admitted that claimant's pulmonary condition "could be related" to them. The employer, through its own medical experts and by cross-examination, offered evidence that the pulmonary disease of the claimant was caused by excessive smoking, asthma and chronic bronchitis but not to excessive dust conditions at work. On this appeal, the employer's prime contention is that the board's classification of claimant's disability as an occupational disease is contrary to the meaning of that term as it is defined in the relevant case law. We disagree. There should be an affirmance. The board's finding of an occupational disease in the existing circumstances is consistent with prior decisions of this court *(Matter of Stein v New York Times Co.,* 78 AD2d 757; *Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239; *Matter of Lopez v Hercules Corrugated Box Corp.,* 50 AD2d 1048). In *Matter of Rodriguez v Atlantic Gummed Paper Corp.* (61 AD2d 873, 874), we stated: "[t]he test is 'whether the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist' *(Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241; *Matter of Cornwell v Rockwell Int.,* 59 AD2d 475; *Matter of Oliveri v Rudolph Faust, Inc.,* 33 AD2d 1090, mot for lv to app den 26 NY2d 613)." The facts proven support the board's finding that claimant's work environment aggravated a pre-existing bronchitis and asthma condition resulting in the disabling obstructive pulmonary disease which the board found to be an occupational disease within the meaning of the Workers' Compensation Law. The record contains conflicting medical evidence which the board resolved in favor of claimant in the exercise of its fact-finding power *(Matter of Forte v Larchment Manor Park Soc.,* 74 AD2d 664, 665). Moreover, in addition to this medical evidence, claimant's case is aided by the presumption that his occupational disease was due to his employment, in the absence of credible evidence to the contrary (Workers' Compensation Law, § 47; *Matter of Stein v New York Times Co., supra).* The employer next contends that "[t]he Board's finding of total disability after June, 1978 is not supported by substantial evidence." In our view, there is substantial medical evidence to support the decision of the board filed November 18, 1980, finding claimant to have a continuing disability *(Matter of McDonald v Atlas Steel Casting Co.,* 55 AD2d 758). There was medical evidence from which the board could properly conclude that claimant should never return to his former work environment. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.