## (December 31, 1981)

■ In the Matter of the Claim of PAUL MATICE, Respondent, v GROVETON PAPERS Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent.

WORKERS' COMPENSATION BOARD, Respondent. — Appeals (1) from a decision of the Workers' Compensation Board, filed August 15, 1978, which held claimant totally and permanently disabled by lung disease; and (2) from a decision of said board, filed August 8, 1980, which apportioned liability for compensation equally against each employer. Claimant was exposed to talc dust during the two years he worked for International Talc Co. (International) between 1951 and 1953. During the next 15 years, he worked at other jobs, none of which was relevant to the diseases under consideration here. Commencing May 12, 1970, while employed by Groveton Papers Co. (Groveton), he was exposed to caustic chemical fumes. He ceased working on October 21, 1974, stating, "lungs can't breathe", and filed an undated claim, received by the board on November 26, 1975, against International based on occupational talcosis. He had filed an earlier claim on May 20, 1975 against Groveton based on "fibrerosis" (sic). Based principally upon testimony of Dr. Maxon, its impartial medical expert, the board, in the decision filed August 15, 1978, held that claimant was suffering from talcosis which did not render him totally disabled, and from chronic bronchitis due to exposure to chemical fumes, the combination of which diseases was totally and permanently disabling, and that such disability was covered by section 44 of the Workers' Compensation Law. By decision filed August 8, 1980, liability was apportioned equally between both employers. Groveton has appealed from the August 8, 1980 decision of apportionment. International and its carrier have appealed from both decisions. This court has consistently sustained awards for compensation due to occupational disease where substantial evidence supports the board's finding that the conditions of the claimant's employment, when superimposed upon a pre-existing nondisabling condition, produced total disability (*Matter of Di Nicola v Crucible Steel*, 83 AD2d 735; see, also, *Matter of Smith v I.R. Equip. Corp.*, 60 AD2d 746). The testimony of the board's impartial expert, Dr. Maxon, provides such medical evidence. The board, in the exercise of its fact-finding power, is free to choose which medical testimony it will accept or reject (*Matter of Currie v Town of Davenport*, 37 NY2d 472; *Matter of Forte v Larchment Manor Park Soc.*, 74 AD2d 664). Moreover, it was not error to reject proof of air studies conducted long after claimant ceased work and subsequent to Dr. Maxon's testimony (*Matter of Rodriguez v Atlantic Gummed Paper Corp.*, 61 AD2d 873). On the apportionment issue, Groveton argues that claimant contracted talcosis during his employment with International and that this caused or aggravated his pre-existing bronchial condition, ultimately causing total disability. It concludes that International alone is liable for the award (see *Matter of Fowler v International Talc Co.*, 50 AD2d 633). While the record demonstrates a nexus between the talcosis and the chronic bronchitis, Groveton may not be relieved of its responsibilities on this basis. *Matter of House v International Talc Co.* (51 AD2d 832) and *Matter of McDonald v Atlas Steel Casting Co.* (55 AD2d 758) are inapposite, for in each case the claimant was totally disabled solely by talcosis. Here, talcosis was nondisabling and significant only in combination with the chronic bronchitis. International contends that an award for partial disability due to a dust disease cannot be made, absent exposure to a harmful dust within six months subsequent to July 1, 1974 (Workers' Compensation Law, § 39, as amd by L 1974, ch 577, § 3). We disagree. The board did not differentiate between partial and total disability, rather, it found a permanent total disability premised on a combination of the two. In short, this is not a partial disability case. Next, International contends that apportionment is precluded by section 44 of the Workers' Compensation Law which excludes from its purview, "silicosis or other dust disease". Were this exclusively a dust disease case, the employer liable for the last injurious exposure would, indeed, be fully liable (Workers' Compensation Law, § 44-a). The record

demonstrates that chemical fumes at Groveton aggravated claimant's preexisting bronchitis, which prohibits this court from approaching this as simply a dust disease case. In addition, a combination of employment-related diseases worked to effect the ultimate disability, and thus International may not refute the fact that the disability was contracted, in part, during the time it employed claimant. International's final contention, while technically correct in stating that apportionment under section 44 is precluded by the time strictures set forth in section 40, is not dispositive. We recognize that section 44 complements section 40 and is meaningful only as it implements that section (*Matter of Kilby v Wilson Mem. Hosp.,* 278 App Div 273). Section 40, in relevant part, provides that compensation shall not be allowed for a disease unless it is contracted in the employment or in a continuous similar employment "within the twelve months previous to the date of disablement whether under one or more employers". A strict application of this provision would preclude apportioning liability against International. Section 44, however, does not exclude "relief by way of apportionment in cases of multiple causation of an ultimate aggravated disability" (*Matter of Bahry v Nu-Glamore Beauty Salon,* 4 AD2d 351, 355, mot for lv to app den 3 NY2d 707). Since the instant case involves a combination of causes effecting a permanent disability, and the apportionment statutes (Workers' Compensation Law, §§ 40, 44) appear to contemplate only a single incidence of disease and disablement therefrom, we elect to apply the general rule of a right to apportionment resulting from two or more injuries due to separate industrial accidents (*supra,* at p 355, citing *Matter of Anderson v Babcock & Wilcox Co.,* 256 NY 146). While the medical experts failed to establish an exact apportionment, we cannot say that the board's determination of a 50-50 liability is so irrational as to warrant any modification. The decision is supported by substantial evidence in the record and we, accordingly, affirm. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.