■ In the Matter of the Claim of MARIA A. CORTESE, Respondent, v ROCHESTER PRODUCTS DIVISION, G.M.C., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed April 30, 1981 and November 6, 1981. Approximately one month after transfer to another work assignment involving the lifting of heavy carburetors, claimant experienced pains in her leg eventually radiating to her back which culminated in her inability to get out of bed on October 17, 1977. She orally notified her foreman and immediately sought medical care, including a myelogram which disclosed a herniated intervertebral disc requiring a laminectomy. The self-insured employer appeals decisions of the board which, after remittal for further development of the record, held that claimant sustained a compensable injury and excused claimant's failure to give timely statutory notice to her employer. The employer urges that there is no evidence of an incident specifically identifiable in space and time which caused injury to claimant's back (see *Matter of Lerner v Rump Bros.*, 241 NY 153, 155; *Matter of Bruzdowski v Coleco Inds.*, 30 AD2d 886). We disagree. Whether a particular occurrence constitutes an industrial accident is determined, not by any legal definition, but by the commonsense viewpoint of the average man (*Matter of Klimas v Trans Caribbean Airways*, 10 NY2d 209, 216). In addition, the concept of time-definiteness required of an accident can relate to either the cause or the result, so that there can be a compensable accident in a repetitive trauma case "culminating in a relatively sudden collapse" (*Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 135; *Matter of Greer v Green Is. Contr. Corp.*, 54 AD2d 996; *Matter of Greensmith v Franklin Nat.*

*Bank*, 21 AD2d 576, 578, affd 16 NY2d 973). It is not determinative that a claimant is unable to pinpoint the exact date on which the incident occurred. Claimant testified she first experienced pain during the course of lifting heavy carburetors. The work was repetitive, and resulted in a gradual increase in pain. Although she complained to the personnel manager and was given a different assignment, the pain persisted, until October 17, 1977, when she was unable to get out of bed and report to work. This onset of severe pain on a particular day evidences a sudden, specific and identifiable event sufficient to satisfy the test of suddenness of result (*Matter of Pessel v Macy & Co.*, 40 AD2d 746, affd 33 NY2d 721; *Matter of Jones v Curran & Co.*, 33 AD2d 525). It is the board's function to assess an accident (Workers' Compensation Law, §§ 20, 23). In our view, there was substantial evidence from which the board could determine that an accident had occurred (e.g., *Matter of Greensmith v Franklin Nat. Bank, supra*). The record includes medical evidence establishing a causal relation between claimant's work activities and her injury (see *Matter of Thornton v Hotel Wellington,* 50 AD2d 1027). Finally, the board properly excused claimant's tardy notice to her employer since the record indicates that the delay neither aggravated her injury nor hindered appellants in the preparation of the defense (Workers' Compensation Law, § 18; *Matter of Rubin v Keebler Co.,* 59 AD2d 814). Claimant's testimony describing timely notice to her foreman presented a credibility question for board resolution. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.