In the Matter of the Claim of HOWARD BRUNING, as Administrator of the Estate of MARIE BRUNING, Deceased, Respondent, against SHEFFIELD FARMS Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 17, 1959.

*William F. Hanson* for appellants.

*Louis J. Lefkowitz, Attorney-General (John J. Reilly* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Hays, St. John, Abramson & Schulman* for claimant-respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board making an award of death benefits.

On May 11, 1952 the deceased employee in the course of his employment crushed the fourth finger of his right hand and as a result this finger was partially amputated. He was hospitalized until May 15, 1952 when he was discharged only to be readmitted the following day when the finger developed an infection. On May 26, 1952 he again returned home and on May 29, 1952 he was found in a comatose condition. He was immediately hospitalized and he died on May 31, 1952. The cause of death was an overdose of barbiturates. The injury to the decedent's finger caused him pain, and during his stay at the hospital he was given morphine, codeine, demerol and nembutal. The decedent's widow testified that he never took drugs before the accident and she knew nothing about the drugs which he took which caused his death. A notation in the hospital records stated that a friend had found a nembutal capsule on the bathroom floor after the decedent was discovered in a comatose state. There is no evidence in the record that any doctor gave the decedent a prescription for the drugs which could only be purchased with such a prescription. It appears that while in the hospital the decedent was given nembutal on five occasions.

The Referee disallowed the claim here involved on three occasions finding no causal relation. Twice the board rescinded this decision and put the case back on the calendar and the third time it reversed and allowed the claim. The board found that the decedent accidentally took an overdose of sleeping pills and that this was the result of the injury to his finger.

The appellants argue that there is no evidence to support the finding that the decedent accidentally took an overdose of sleeping pills and that the claimant's contention of causally related depression following the injury is unsupported. The respondent maintains that the evidence presented plus the presumptions under section 21 of the Workmen's Compensation Law support the decision of the board.

It is evident that the claimant (the widow) was attempting to demonstrate that as a result of his injury the decedent was in a depressed and despondent condition and as a result thereof took an overdose of sleeping pills. She testified that the decedent was worried about his hand and about losing his job. This testimony was opposed by the testimony of the decedent's doctors and the hospital records to the effect that the decedent was cheerful during his stay at the hospital. Several doctors testified for the carrier that there was no connection between the overdose of sleeping pills and the finger injury. One doctor testified for the claimant that if the decedent was depressed then this resulted in the taking of the sleeping pills. However, rather than finding that the decedent because of a depression caused by his injury committed suicide, the board has found that the overdose was accidentally taken and that there was no willful intent by the decedent to injure himself. The respondent cites *Matter of Kislowski* v. *Empire Boarding Stable* (5 A D 2d 734), a case very similar to the one at bar. There the decedent had a leg injury and he was given nembutal to relieve the pain and induce sleep. The decedent was found dead in bed with an empty bottle of the capsules at his side. The court found the board was not bound to find that the decedent deliberately committed suicide saying: " The common-law presumption against suicide is very strong and applicable to cases under the Workmen's Compensation Law; and there is a presumption in the statute itself against a willful intention on the part of an employee to bring about the death of himself. These presumptions, coupled with the fact that it was not beyond the bounds of reason to find from the record that decedent may have taken an overdose in the mistaken belief that it would merely relieve his pain, are sufficient to sustain the decision of the board. At any rate they lift the problem from the area of law, for if the proof is open

to equal inferences the factual determination of the board is final.''

The only distinguishing feature is that here there was no prescription given for the drug. Where or how the drug which the decedent took here came into his possession was not established. An inference might be drawn that the sleeping pills were given to the decedent while he was at the hospital to be taken at home as the need arose. Therefore, as in the *Kislowski* case, it could be found that the decedent mistakenly took too many of the pills. There is here no direct evidence as to just how the decedent got or took the overdose. The strong presumption of the common law against suicide and the presumption under section 21 of the Workmen's Compensation Law against a willful intent to cause injury or death to one's self give support to the board's decision here. The board could also find that the appellants failed to demonstrate that the decedent's death was an act of suicide resulting from a deliberate intent to end his life.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.