■ In the Matter of the Claim of JANET RICCI, Respondent, v W.J. RIEGEL & SONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 751] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed September 15, 1998, which ruled that decedent's death arose out of and in the course of his employment and made an award of workers' compensation benefits.

Decedent, a construction superintendent, collapsed at work shortly after using a jackhammer, which was more strenuous than his usual duties. He was taken to the hospital by ambulance but did not survive. An autopsy determined the immediate cause of death to be cardiac arrest as a consequence of coronary artery disease. In support of her claim for workers' compensation benefits, claimant filed a report from a consulting physician which concluded that decedent's death was related to his work effort. The consultant for the employer's workers' compensation carrier filed a report apportioning the cause of decedent's death at 70% to the preexisting coronary artery disease and 30% to the exertion from his work. After denying the carrier's request to have its consultant testify on the issue of apportionment, the Workers' Compensation Law Judge established accident, notice and causal relationship, and made an award of benefits. Concluding that no apportionment was warranted, the Workers' Compensation Board affirmed the award of benefits, prompting this appeal by the employer and its carrier.

Apportionment is not appropriate where a claimant was fully employed and functioning effectively despite a noncompensable preexisting condition (see, Matter of Peziol v VAW of Am., 245 AD2d 877; Matter of Kendle v Colonie Masonry Corp., 199 AD2d 701, 702). In this case, decedent's coronary artery disease was not diagnosed prior to his death and there is no evidence that he was unable to effectively perform the duties of his job. Accordingly, there is ample support in the record for the Board's conclusion that there should be no apportionment.

There is no merit to the carrier's claim that its due process rights were violated by the Board's refusal to permit further development of the medical evidence on the issue of apportionment. Despite the medical evidence that decedent's death was causally related to the preexisting condition, there is no evi-

dence that, prior to his death, decedent was unable to effectively perform the duties of the job which, as noted above, is essential to apportionment. The carrier had ample opportunity to present evidence on this issue, including the opportunity to cross-examine decedent's widow and co-workers regarding decedent's ability to function prior to his death. With regard to the carrier's reliance on 12 NYCRR 300.10 (c), we note that the carrier made no timely request to cross-examine claimant's consultant or treating physicians.

The evidence that decedent was engaged in strenuous activity at work shortly before he went into cardiac arrest, together with the opinion of claimant's consultant that decedent's death was related to his work effort, provides substantial evidence to support the Board's award of benefits (*see, e.g., Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888). The decision must, therefore, be affirmed.

Crew III, J. P., Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.