■ In the Matter of the Claim of SHERRY SONS-BROWN, Respondent, v OAS HILLS DINING HALL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [718 NYS2d 451] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 17, 1999, which ruled that claimant's disability was causally related to her employment and awarded her workers' compensation benefits.

Claimant sustained work-related injuries to her lower back in 1993 and 1994 for which she was awarded workers' compensation benefits. After each injury, she returned to work and the compensation cases were ultimately closed. In November 1995, at the age of 33, she sustained a neck injury in a car accident unrelated to her work. She has not returned to work since then.

In 1998, at claimant's request, the compensation cases were reopened to consider the authorization of surgery for her work-related lower back condition and the issue of further causally related lost time. The Workers' Compensation Law Judge reviewed evidence attributing her present condition to her lower back injuries, authorized the surgery and made an award of benefits payable upon performance of the surgery at a temporary total disability rate, with the medical payments and benefits apportioned at 50% to each of the prior work-related injuries. One of the employer's workers' compensation carriers appealed the award of benefits to the Workers' Compensation Board, arguing that claimant had withdrawn from the labor market solely as the result of the noncompensable car accident. However, the Board found evidence that the neck injury had resolved while the work-related lower back problems continued. Accordingly, it affirmed the award, prompting this appeal by the carrier.

That the neck injury sustained in the car accident may have provided the impetus for claimant to stop working in November 1995 does not preclude an award of benefits based on her condition in 1998 (*see*, *Matter of Acunzo v Newsday, Inc.*, 140 AD2d 817, 819). One of the physicians who examined claimant in 1998 concluded that she was then disabled solely as the result of the two work-related injuries, with an apportionment of 50% to each injury. In other words, despite claimant's intervening neck injury, her work-related lower back injuries continue to

impact her ability to return to the labor market. Morever, the carrier does not dispute that surgery is required for treatment of claimant's lower back condition, which was caused by the two work-related injuries. There is, therefore, ample support in the record for the Board's conclusion that the period of temporary total disability immediately following surgery is causally related solely to the compensable injuries.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.