■ In the Matter of the Claim of CHRISTOPHER McDONALD, Respondent, v JOHN W. DANFORTH et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 571] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 12, 2000, as amended by decision filed December 18, 2000, which ruled that claimant's psoriasis was causally related to his employment and made an award of benefits.

In August 1996, claimant sustained a small burn to his hand while working in heavy construction. The lesion did not heal and he began to develop other lesions on his hand. The condition was diagnosed as psoriasis, which ultimately affected his feet, knees and elbows, as well as his hands. The treating dermatologist reported that pressure on claimant's extremities created by the use of heavy tools and by other heavy work aggravated the psoriasis and that the condition was causally related to the employment. The employer contested the causal relationship issue and filed the report of an expert which noted that psoriasis was genetic, that claimant was predisposed to the condition and that it was difficult to determine a causal relationship to claimant's work. The report also noted, however, that the burn to claimant's hand may have started the process, that the working conditions may have aggravated it and caused it to persist and that claimant never had psoriasis prior to its onset in August 1996. The Workers' Compensation Law Judge denied the request of the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer)

for an adjournment to have the experts testify and concluded that claimant's psoriasis was causally related to his employment. The Workers' Compensation Board affirmed, prompting this appeal.

We reject the employer's claim that its rights were violated by the denial of its request for an adjournment. Workers' Compensation Law § 21 (5) creates a presumption that, in the absence of substantial evidence to the contrary, a claimant's medical reports constitute prima facie evidence of their contents, a presumption that "is intended to reduce the necessity for the actual testimony of the claimant's expert" (*Matter of Freitag v New York Times*, 260 AD2d 748, 749). Claimant's expert filed numerous reports establishing causal relationship and the report of the employer's expert, which the Board reasonably construed as conceding a causal relationship between claimant's psoriasis and his employment, did not constitute substantial evidence to the contrary on that issue. Accordingly, in light of the presumption, there was no need for the testimony of claimant's expert. The employer's reliance on 12 NYCRR 300.10 (c) is misplaced in the absence of a timely request to cross-examine the expert (*see, Matter of Ricci v Riefel & Sons*, 278 AD2d 673, 674). Nor was the employer prejudiced by the refusal to adjourn for the testimony of its expert whose report was construed as confirming causal relationship (*see, Matter of La Manque v Utica Concrete Prods.*, 177 AD2d 737, 738).

Contrary to the employer's additional argument, the rule established in *Matter of Detenbeck v General Motors Corp.* (309 NY 558) does not preclude an award of benefits whenever the claim is based upon the aggravation of a condition that is otherwise nonoccupational (*see, Matter of Strouse v Village of Endicott*, 50 AD2d 635; *Matter of Pacifico v Treadway Inns Corp.*, 33 AD2d 1069, *lv denied* 26 NY2d 612). Where, as here, claimant is predisposed to develop a disabling disease or condition, there must be some distinctive feature of claimant's employment (*see, Matter of Benware v Benware Creamery*, 22 AD2d 968, 969, *affd* 16 NY2d 966) which is "more than 'the ordinary wear and tear of life' " (*Matter of Detenbeck v General Motors Corp., supra*, at 568 [Froessel, J., dissenting]) and which "acts upon that disease or condition in such a manner as to cause a disability which did not previously exist" (*Matter of Perez v Pearl-Wick Corp.*, 56 AD2d 239, 241; *see, Matter of Smith v I.R. Equip. Co.*, 60 AD2d 746, 747, *lv denied* 44 NY2d 643). In other words, there must be a recognizable link between claimant's disabling psoriasis and some distinctive feature of his employment (*see, Matter of Currier v Manpower*,

*Inc.*, 280 AD2d 790, 791). Claimant's use of heavy tools and other heavy work constitutes the required distinctive feature (*see, Matter of Detenbeck v General Motors Corp., supra,* at 567-568) and there is undisputed medical evidence that this distinctive feature of claimant's employment acted on his predisposition for psoriasis to cause a disability which did not previously exist (*see, Matter of Pacifico v Treadway Inns Corp., supra*).

Crew III, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.