■ In the Matter of the Claim of MARGARET COOK-SCHOONOVER, Respondent, v CORNING HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 118] —Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed January 31, 2001, which ruled that claimant sustained compensable work-related psychological injuries.

Plaintiff was employed at Corning Hospital (hereinafter the employer) from 1970 to 1978. Upon her return in 1979, she worked as a secretarial assistant with coworkers Vicky Burrell and Kelly O'Rourke until April 1997 without incident. Claimant contends that upon their transfer and replacement, first with Lori Glass and later with Michelle Lewis, she experienced a verbally harassing work environment which led to hospitalizations for hyperventilation, chest pain, rapid heart beat and dizziness. Claimant ceased work on January 5, 1998 and was diagnosed with anxiety attacks, panic disorder and depression; by August 1998, she filed for workers' compensation benefits.

During the initial hearing, claimant testified that she received public reprimands and criticism from her supervisor on at least six occasions, as well as constant beratement by both Glass and Lewis. She contended that Lewis humiliated her in front of a patient and Glass posted cartoons near her desk on separate occasions which ridiculed either her inability to complete her work or to get home on a timely basis. Glass compounded the harassment by verbally berating her 10 to 15 times a day by stating, "I'll never get home," until it became a joke throughout the office. Glass also accused her of suffering from attention deficit disorder, called her a liar in front of others and conspired with Lewis to play humiliating jokes on her which implicitly permitted others to subject her to continued ridicule. Even after claimant returned to work after being hospitalized for her first panic attack, Lewis mocked her on her failed attempt to get additional time off. Testimony further revealed that claimant's supervisor, and later others, would repeatedly dismiss her by telling her to "take a chill pill" and "calm down."

Claimant's testimony regarding the effect of this work environment upon her was supported by the medical reports filed by claimant's treating physicians, Frank Bourke and Michael Cilip, as well as Albert Wolkoff, a psychiatrist, who opined that her psychiatric injuries were the direct result of the harassing work environment. Immediately following the testimony, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) moved to dismiss the claim by contending that the incidents, even if true, were nothing more than ordinary workplace annoyances. The Workers' Compensation Law Judge agreed. Upon review, the Workers' Compensation Board found that both the medical reports and claimant's testimony supported a finding that claimant suffered from a work-related stress disorder. The carrier filed an application for full Board review and thereafter perfected this appeal.

Despite the carrier's contention that its due process rights were violated because the Board established accident, notice and causal relationship without providing it with an opportunity to either cross-examine the medical experts (*see,* 12 NYCRR 300.10 [c]) or offer further evidence, we find no record evidence that the carrier ever propounded these requests during the proceeding or in the rebuttal application for Board review. Hence, we discern no error (*see, Matter of McDonald v Danforth*, 286 AD2d 845, 846; *Matter of Ricci v Riegel & Sons*, 278 AD2d 673, 674; *compare, Matter of Sullivan v Smith's Coll. of Arts & Sciences*, 265 AD2d 767).

As the Board is entitled to assess witness credibility and draw reasonable inferences from the record, regardless of whether the hearing was conducted in its presence, we find that its factual determination that claimant experienced far greater than typical work-related stress is supported by the requisite quantum of substantial evidence in the form of claimant's testimony and the proffered medical reports (*see, Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623, *lv denied* 96 NY2d 706; *Matter of Keane v New York State Elec. & Gas Co.*, 272 AD2d 802, 804; *Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635; *cf., Matter of Charlotten v New York State Police*, 286 AD2d 849). Psychic injury "need not be caused by a discrete, identifiable psychic trauma, but can result from emotional stress extending over a period of months" (*Matter of Velazquez v Triborough Bridge & Tunnel Auth.*, 156 AD2d 922, 923). Further, the fact that claimant may have a particular vulnerability will not preclude an award of benefits (*see, Matter of McDonald v Danforth, supra*; *Matter of Ochsner v New Venture Gear*, 273 AD2d 715, *appeal dismissed* 96 NY2d 731).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.