■ In the Matter of the Claim of ALEXANDRA SLACK, Appellant, v LIVINGSTON-WYOMING ARC, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [742 NYS2d 416] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 24, 2000, which ruled that the death of claimant's decedent did not arise out of or in the course of his employment and denied the claim for workers' compensation death benefits.

Claimant's decedent was employed as an assistant to the transportation manager of Livingston-Wyoming ARC, Inc. (hereinafter ARC). As part of his duties, decedent was required some mornings to transport a student from the East Irondequoit School District to a school in the Village of Honeoye Falls, Monroe County. To accomplish this, ARC permitted decedent to drive one of its minivans home the prior evening. On April 10, 1996, while concededly on the direct route from his place of employment to his home, decedent was killed in a head-on collision with a tractor trailer. This claim for workers' compensation death benefits was filed in July 1996 and controverted on the ground that, inter alia, the accident did not arise out of or in the course of decedent's employment.

At the end of the initial hearing on January 29, 1998, the Workers' Compensation Law Judge (hereinafter WCLJ) adjourned the proceedings to allow the workers' compensation carrier to produce lay witnesses, including a State Police Investigator, a State Police lab technician and the driver of the tractor trailer with whom decedent collided, for the purpose of establishing decedent's intoxication. The carrier failed to produce these witnesses on April 30, 1998, June 29, 1998 and October 22, 1998, and each time an adjournment was granted.

Finally, on December 7, 1998, the witnesses appeared and testified and the WCLJ disallowed the claim, finding that decedent's blood alcohol level was evidence that he had substantially deviated from his employer's business activities and, therefore, he was not killed during the course of his employment. The Workers' Compensation Board's affirmance ignored the evidence of decedent's intoxication and was based on the new ground that decedent was not engaged in a "special errand" for the employer at the time of the accident. Claimant appeals.

Adjournments of workers' compensation hearings are governed by 12 NYCRR 300.10 (b), which provides, in relevant part, as follows:

"If the employer or its carrier * * * fails to present evidence including the testimony of witnesses as directed or scheduled by the board or chair, the referee, upon request of such party, may adjourn the hearing and reschedule the case. If the employer or its carrier * * * again fails to present or submit evidence at the second hearing, the referee shall proceed to make a decision unless he or she finds upon extraordinary circumstances shown at such hearing that a further adjournment is warranted." This Court recently held that it was not an abuse of discretion for a WCLJ, having been presented with insufficient evidence of extraordinary circumstances, to refuse to grant a second adjournment to allow an employer and its carrier to produce lay witnesses and medical witnesses (*Matter of Rose v International Paper Co.*, 290 AD2d 664). This record contains no evidence of extraordinary circumstances and, in fact, confirms that the failure of the witnesses to appear and testify was due entirely to the carrier's failure to notify them. The precise issue then is the opposite of that which we considered in *Matter of Rose v International Paper Co. (supra)*, i.e., was it an abuse of discretion to grant four adjournments in the absence of a showing of extraordinary circumstances? Given the mandatory dictate of the quoted regulation and "[t]he obvious purpose of [this] regulation * * * to eliminate unnecessary adjournments and speed resolution of compensation claims" (*id.* at 665), we hold that it was. We believe that an abuse of discretion is additionally shown by the notice of decision filed September 18, 1998, which granted the carrier "one final opportunity to produce [its] witnesses." Had the WCLJ properly exercised his discretion, the decision would have been made prior to the introduction of any evidence regarding decedent's blood alcohol content. Therefore, no evidentiary basis would exist for the conclusion reached by the WCLJ.

In addition, at the appearance on October 22, 1998,

claimant's attorney specifically objected to allowing the State Police Investigator to testify, and a general discussion concerning the number of adjournments was held between counsel and the new WCLJ. We hold that the absence of any specific objection to the granting of additional adjournments is unnecessary in view of the affirmative duty placed upon the WCLJ to find extraordinary circumstances before granting additional adjournments. In the absence of evidence of blood alcohol content, the WCLJ's determination is not supported by substantial evidence.

We next address the alternate finding of the Board that decedent was not engaged in a "special errand" at the time of his death. Death benefits under the Workers' Compensation Law may only be awarded if the death arises out of or in the course of employment. As a general proposition, a death sustained during travel to and from the place of employment is not compensable unless the travel falls within recognized exceptions (*see, Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475; *Matter of Coningsby v New York State Dept. of Corrections*, 245 AD2d 1009, 1010). The "special errand" exception to the general rule deems an employee to be acting within the scope of employment while undertaking a work-related errand at the behest of the employer that requires the employee to deviate from "the usual geographical or temporal scheme of travel, thereby altering the risks to which the employee is usually exposed during normal travel" (*Matter of Neacosia v New York Power Auth.*, *supra* at 479).

We agree with the Board that, since decedent was on his regular route home in the evening and since he was not scheduled to pick up the student for transportation until the morning, he was not, at the time of his death, on a "special errand." However, this exception was erroneously relied on by the Board to dismiss this claim. Under the facts presented herein, the "dual purpose" exception to the general rule applies (*see, id.* at 475; *Matter of Skinner v Tobin Packing Co.*, 18 NY2d 738, 739). Here, although decedent's trip home served a personal purpose, it also served a business purpose that facilitated his employer's responsibility to transport the student the following day. Accordingly, we conclude that decedent's death arose out of and in the course of his employment.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.