◼ In the Matter of the Claim of Susan Floyd, Respondent, v Millard Fillmore Hospital et al., Appellants. Workers'

---

COMPENSATION BOARD, Respondent. [750 NYS2d 343] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 26, 2001, which ruled that claimant was permanently totally disabled as a result of a covered accident and modified a prior award of workers' compensation benefits.

Claimant sustained a work-related back injury in May 1993 while lifting a computer monitor and, in October 1996, the Workers' Compensation Law Judge (hereinafter WCLJ) found a permanent partial disability. A hearing was subsequently scheduled in September 2000 to determine whether claimant was permanently totally disabled. The WCLJ reviewed reports of claimant's physician indicating that she was permanently totally disabled and a report by the employer's physician finding a marked partial disability with no prognosis for improvement. The WCLJ viewed the statement of the employer's physician, that claimant could not lift more than five pounds and could not engage in prolonged sitting or standing, as supportive of his finding that claimant was permanently totally disabled. The employer requested full Workers' Compensation Board review seeking reversal of the WCLJ's decision or, alternatively, remittal for further development of the record through medical testimony. The Board affirmed and this appeal by the employer and its third-party administrator (hereinafter collectively referred to as the employer) ensued.

The employer initially contends that the Board erred when it refused to remit the matter to permit cross-examination of claimant's physician. A party clearly has the right to cross-examine medical experts (see Matter of Pistone v Sam's Club, 295 AD2d 875, 875; Matter of Pugliese v Remington Arms, 293 AD2d 897, 898; 12 NYCRR 300.10 [c]). The failure to exercise the right in a timely fashion, however, may result in a waiver of the right (see Matter of Ricci v Riegel & Sons, 278 AD2d 673, 674; see also Matter of McDonald v Danforth, 286 AD2d 845, 846). Here, the employer did not request cross-examination of the medical witness during the proceeding before the WCLJ, but instead sought cross-examination as alternative relief from the Board. It was not error for the Board to refuse the request in light of the employer's failure to seek cross-examination of the medical witness during the hearing-level proceedings before the WCLJ.

We find unpersuasive the employer's argument that the Board's decision was flawed because it adopted the findings of the WCLJ without separately setting forth the facts upon which it relied. Although Workers' Compensation Law § 23 provides that the Board must set forth the facts underlying its

decision, we have previously held that a Board decision that adopts a WCLJ's findings of facts after an independent review of the entire record is sufficient to comply with such statutory requirement (*see Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684, *lv denied* 97 NY2d 612). The Board's decision states that it adopted the WCLJ's findings of fact after reviewing the entire record and, thus, the decision is sufficient.*

Lastly, the employer's assertion that the Board's determination is not supported by substantial evidence is unavailing. Resolving conflicting medical opinions and drawing reasonable inferences from the evidence are within the province of the Board (*see Matter of Hosmer v Emerson Power Transmission*, 295 AD2d 870, 871; *Matter of Cook-Schoonover v Corning Hosp.*, 291 AD2d 715, 716, *lv dismissed* 98 NY2d 671). The employer principally premises its argument regarding a purported lack of substantial evidence upon the contention that claimant's symptoms and limitations do not meet the Board's medical guidelines for determining total disability. The fact that claimant does not exhibit all of the specific limitations set forth in the guidelines does not compel the Board to find that claimant is not totally disabled. While the guidelines provide useful criteria, the ultimate determination of total disability rests with the Board and requires a finding supported by substantial evidence. Here, the medical reports of claimant's physician, together with the reasonable inferences from the report of the employer's physician, provide adequate evidence to support the Board's determination.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The Board erred by referring in general terms to "testimony" since none of the statements in the transcript in the record, including claimant's comments, were made under oath. Such error, however, does not require reversal in light of the ample evidence in the record, adopted by the Board, that supports its determination.