■ In the Matter of the Claim of CHARLES COLEMAN, Respondent, v CONSOLIDATED EDISON, Appellant. WORKERS'

COMPENSATION BOARD, Respondent. [764 NYS2d 369] —Lahtinen, J. Appeal from an amended decision of the Workers' Compensation Board, filed April 30, 2002, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant worked for the employer from 1965 to 1993. During all but seven years of his employment, he was exposed to asbestos. In 1993, epilepsy compelled claimant to cease working and it necessitated two operations on his brain in 1994. When claimant subsequently tested positive for asbestosis, he applied for workers' compensation disability benefits. The Workers' Compensation Board, reversing a Workers' Compensation Law Judge's decision, ruled in claimant's favor, finding that he had sustained a loss of earning capacity due to employment-related asbestosis.

Claimant's examining physician reported that he suffers from an occupationally-related mild, partial, permanent disability attributable to pulmonary asbestosis. Claimant was advised against returning to his employment or to any situation involving exposure to asbestos. Claimant testified that he suffers from constant shortness of breath, coughing and chest pain and is incapable of heavy lifting or any form of rapid motion, symptoms that preclude his return to employment. Contrary evidence was presented by the physician who examined claimant on behalf of the employer. He reported that claimant is not afflicted with asbestosis, opining that claimant suffers from a permanent, moderate, partial disability that is 70% attributable to his seizure disorder and 30% attributable to emphysema and obstructive lung disease.

It is within the province of the Board to resolve conflicting medical evidence on the issue of whether a claimant's job-related disability contributed to his reduced earnings (*see Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 603 [2002]). While claimant's epilepsy caused his inability to continue working in 1993, this fact does not bar the Board's current award based upon his subsequent disability caused by asbestosis (*see Matter of Sons-Brown v OAS Hills Dining Hall*, 278 AD2d 766 [2000]; *Matter of Scotchmer v Dresser Rand Co.*, 256 AD2d 682, 683 [1998]). Medical evidence in the record discloses that by November 1998, claimant's date of disablement, the symptoms of his epilepsy had abated while the symptoms related to his lung disease had worsened (*see Matter of Caruso v General Elec. Co.*, 228 AD2d 724, 725 [1996]). As substantial evidence supports the finding that asbestosis contributed to claimant's loss of earnings, the

Board's decision will not be disturbed (*see Matter of Pulcastro v N & S Supply Co.*, 270 AD2d 737, 738-739 [2000]), "despite the existence of record evidence which could support a contrary result" (*Matter of Amicola v New York Tel. Co.*, 294 AD2d 621, 622-623 [2002], *lv dismissed* 98 NY2d 764 [2002], *lv denied* 100 NY2d 502 [2003]).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the amended decision is affirmed, without costs.