■ In the Matter of the Claim of NORMAN CROSS, Respondent, v G.A. HALL, INC., Respondent, and GREAT AMERICAN INSURANCE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 474]—

Rose, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 9, 2004 and January 31, 2005, which ruled that the employer's workers' compensation policy was not properly canceled.

Claimant suffered a lower back injury in August 2002 and thereafter submitted a claim for workers' compensation benefits. During the course of the proceedings, an issue arose as to whether the workers' compensation carrier had canceled the employer's policy. On multiple occasions thereafter, the Workers' Compensation Law Judge (hereinafter WCLJ) directed that the carrier provide the appropriate documentation demonstrating that the policy had been canceled. When the carrier repeatedly failed to submit the requested documents, the WCLJ ordered that the insurance underwriter appear at an expedited hearing in order to give testimony concerning the issue of cancellation. The carrier, however, did not produce the underwriter, nor did it request an adjournment of the hearing for that purpose. Instead, the carrier attempted to submit various documents which purportedly established that the policy had been canceled, without any excuse as to why they had not been produced earlier. The WCLJ refused to consider the documents on the ground that they had not been previously provided as directed. Ultimately, the WCLJ established claimant's case, found no evidence that the employer's policy had been canceled and closed the case. Upon review, the Workers' Compensation Board issued a decision and an amended decision upholding the WCLJ's determination. The carrier now appeals and we affirm.

In our view, the WCLJ acted within his discretion at the final hearing when he closed the record and proceeded to render a decision based upon the evidence which was before him (*see* 12 NYCRR 300.10 [b]). The WCLJ had provided numerous opportunities for the carrier to furnish documentation in support of its claim that it had canceled the employer's policy, yet the carrier consistently failed to do so. The WCLJ had also ordered the carrier to produce the underwriter in order to give sworn testimony but, again, the carrier failed to comply. Similarly, the Board acted within its discretion in declining to consider the carrier's offered documents upon its review of the WCLJ's determination (*see* 12 NYCRR 300.13 [g]). Thus, with the record having been appropriately closed without any evidence of policy

cancellation, and in light of the testimony from the employer's president to the effect that he was never advised that the policy had not been renewed, the Board's decision and amended decision are supported by substantial evidence. We have examined the carrier's remaining contentions and find them to be equally unavailing.

Mercure, J.P., Carpinello and Kane, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.