■ In the Matter of the Claim of STUART DARLING, Appellant, v TRANSPORT DRIVERS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [824 NYS2d 806]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 27, 2005, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a truck driver for over 25 years, began experiencing neck pain in approximately 1998. Between that time and September 2003, he sought medical attention from multiple physicians, none of whom determined that his injury was causally related to his employment. In October 2003, claimant, maintaining that his neck problem was the result of an occupational disease, retained counsel to represent him in his claim for workers' compensation benefits. Claimant's attorney subsequently wrote a letter, which included a description of the work activities that claimant allegedly performed on a daily basis, to the physician who had most recently treated him. In response, claimant's treating physician opined that such activities likely aggravated or accelerated the degenerative condition

that was causing claimant's pain. Meanwhile, an independent medical examiner, hired by the employer's workers' compensation carrier, reached a contrary conclusion. After evaluating evidence that included the deposition testimony of claimant's treating physician, a Workers' Compensation Law Judge determined that claimant's neck injury was not related to his employment and disallowed his claim. The Workers' Compensation Board upheld that determination, resulting in this appeal by claimant.

Here, the Board specifically found that the opinion provided by claimant's treating physician was based upon an inaccurate description of the work duties that claimant performed and, thus, it was insufficient to establish a causal relationship. Inasmuch as a review of the record reveals that conclusion to be supported by substantial evidence, and as the resolution of conflicting medical evidence, particularly in regard to causation, is within the distinct province of the Board, we find no basis upon which to disturb its decision (*see Matter of Cameron v Bavarian Chalet*, 27 AD3d 922, 922 [2006]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.