In the Matter of the Claim of KENNETH WASHINGTON, Appellant, v NEW YORK CITY DEPARTMENT OF BUILDINGS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 264]—

Spain, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 5, 2005, which ruled that claimant's right knee injury was a continuation of an injury from a previously established case and denied his claim for workers' compensation benefits.

Claimant, an inspector for the New York City Department of Buildings, had his case established for injuries to his neck, back and right knee stemming from a May 24, 1999 fall down a flight of stairs. He also settled a third-party personal injury lawsuit arising out of that incident for $137,500.

Claimant subsequently filed a second claim for workers' compensation benefits, alleging that on June 19, 2001 he developed a pseudo-meniscal cyst in his right knee. A Workers' Compensation Law Judge determined that the development of the cyst gave rise to a separate case and was not a continuation of the injury resulting from the May 1999 incident. Upon review, the Workers' Compensation Board rescinded that decision, finding that the cyst was causally related to the May 1999 incident and, therefore, did not constitute a new injury for workers' compensation purposes. Claimant now appeals.

We affirm. The resolution of conflicting medical evidence, particularly when it concerns the issue of causation, lies within the province of the Board (*see Matter of Darling v Transport Drivers, Inc.*, 35 AD3d 945, 946 [2006]; *Matter of Mayers v Kings County Hosp.*, 29 AD3d 1239, 1240 [2006]; *Matter of Raub v Cutler Hammer*, 1 AD3d 785, 786 [2003]). Here, the impartial orthopedic surgeon appointed by the Board explained that, based upon his examination of claimant and review of his medical history, claimant's condition was best classified as a synovial cyst which most plausibly formed due to the leakage of synovial fluid following the knee surgeries that claimant underwent in connection with the May 1999 incident. Alternatively, the impartial orthopedist testified that the cyst could have developed from a degenerating meniscus tear. In any event, he opined that the cyst did not form as the result of a secondary injury and, instead, was related to the May 1999 incident. As the foregoing constitutes substantial evidence in support of the Board's amended decision, it will not be disturbed despite the existence of medical evidence proffered by claimant which could arguably lead to a different conclusion (*see Matter of Bunnell v Sangerfield Inn*, 35 AD3d 1021, 1022-1023 [2006]; *Matter of Walker v TNT Red Star Express*, 25 AD3d 945, 946-947 [2006]; *Matter of Coleman v Consolidated Edison*, 308 AD2d 642, 643-644 [2003]).

We have considered claimant's remaining contentions and find them unpersuasive.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the amended decision is affirmed, without costs.