■ In the Matter of the Claim of MARCIA McKENZIE, Respondent, v UJA-FED et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [850 NYS2d 695]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 4, 2006, which ruled that claimant sustained an occupational disease.

Claimant was employed beginning in November 2002 in a position that required data entry by both computer and printed forms. In early 2004, she began experiencing symptoms of what was eventually diagnosed as bilateral carpal tunnel syndrome and claimant applied for workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim and hearings were convened. Finding that claimant's employment did not cause or contribute to her carpal tunnel syndrome, the Workers' Compensation Law Judge dismissed the claim at the conclusion of the hearings. Upon review, the Workers' Compensation Board reversed due to the fact that both medical experts who examined claimant—her treating physician and an independent medical examiner—agreed that her carpal tunnel syndrome was causally related to her employment and "neither party [had] requested cross-examination of the medical doctors." Claiming that the Board erred in concluding that it had not requested cross-examination of the physicians and that it mischaracterized the medical evidence in the record, the carrier now appeals.

We affirm. "[A] carrier clearly has a right to cross-examine a physician whose report is on file" (*Matter of Brown v Clifton Recycling*, 1 AD3d 735, 736 [2003]; *see* 12 NYCRR 300.10 [c]; *Matter of Floyd v Millard Fillmore Hosp.*, 299 AD2d 610, 611 [2002]) and, indeed, during the proceedings, the carrier mentioned the possibility of cross-examining claimant's physician and "reserv[ed] [its] right" to do so at the close of the

hearings. However, no actual request was ever made and where, as here, no timely request for cross-examination is made, this right is waived (*see Matter of Brown v Clifton Recycling*, 1 AD3d at 736; *Matter of Cook-Schoonover v Corning Hosp.*, 291 AD2d 715, 716 [2002], *lv dismissed* 98 NY2d 671 [2002]; *Matter of Mc-Donald v Danforth*, 286 AD2d 845, 846 [2001]; *Matter of Ricci v Riegel & Sons*, 278 AD2d 673, 674 [2000]). Thus, the Board did not err in concluding that cross-examination had not been requested by the carrier.

Turning to the carrier's assertion that the Board mischaracterized the medical evidence, we disagree. Although some arguable inconsistencies and contradictions exist in the medical records, upon review of the submitted reports we find no basis to disturb the Board's determination that both physicians agreed that claimant's carpal tunnel syndrome was—at least in part—causally related to her employment and, therefore, affirm (*see Matter of Harris v Revere Copper Prods.*, 294 AD2d 792, 793 [2002]).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.