■ In the Matter of the Claim of KENNETH BANNER, Appellant, v ANHEUSER-BUSCH COMPANIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 254]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 2007, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a forklift operator, allegedly injured his right knee and left hip in December 2005 when he attempted to reset a pallet on a conveyor belt at his place of employment. Claimant ceased working approximately three weeks later and thereafter filed this claim for workers' compensation benefits. Although a Workers' Compensation Law Judge initially established the case and made an award of benefits, the Workers' Compensation Board subsequently rescinded that decision without prejudice and directed that claimant be evaluated by an impartial specialist. Following submission of the specialist's report and additional testimony, the Board concluded that claimant's disabling hip condition was not causally related to the December 2005 work injury and, among other things, rescinded all prior awards. This appeal by claimant ensued.

We affirm. The injury to claimant's right knee apparently is

resolved and, hence, the issue on appeal distills to whether there is substantial evidence to support the Board's conclusion that claimant's disabling hip condition is not causally related to his injury at work. In this regard, the record reflects that all of the orthopedic surgeons who evaluated claimant diagnosed him as suffering from avascular necrosis (also known as aseptic necrosis) of the left femoral head, and most agreed that this condition likely was idiopathic in origin—meaning that it occurred without a known cause. What remained in dispute was whether the December 2005 work injury aggravated or accelerated this preexisting condition, thus rendering the resulting disability compensable (*see Matter of Duncan v John Wiley & Sons, Inc.*, 54 AD3d 1124, 1125 [2008]).

Although claimant's treating orthopedic surgeons testified that the December 2005 incident "played a role in triggering the onset of symptoms" and "seems to have" made the preexisting condition disabling, both the carrier's consultant and the impartial specialist testified to the contrary, stating that such incident did not trigger claimant's symptoms or otherwise aggravate claimant's preexisting condition. The resolution of conflicting medical opinions—especially as it pertains to the issue of causation—lies within the province of the Board (*see Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]; *Matter of Hare v Champion Intl.*, 50 AD3d 1254, 1255 [2008], *lv dismissed* 11 NY3d 863 [2008]), and its determination on this point should be accorded deference by this Court (*see Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 892 [2008]). Inasmuch as the Board's finding of no causally related disability is supported by substantial evidence in the record as a whole, we decline to disturb it, despite other evidence that could support a contrary conclusion (*see Matter of Curatolo v Sofia Fabulous Pizza*, 41 AD3d 1049, 1051 [2007]).

Finally, to the extent that the Board's file did not contain the minutes of claimant's testimony as required by 12 NYCRR 300.13 (d), we do not find such omission to constitute reversible error. The pivotal issue here was whether there was sufficient medical evidence to support a finding of a causally related disability, and it is apparent from the Board's decision that it had ample opportunity to review and consider the reports and testimony offered by the various medical experts (*cf. Matter of Maliszewska v Dupuy*, 289 AD2d 683, 684 [2001], *lv denied* 97 NY2d 612 [2002]).

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.