■ In the Matter of the Claim of DEANA CURTIS, Respondent, v XEROX et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 280]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed July 8, 2008, which, among other things, ruled that claimant sustained a work-related occupational disease and awarded workers' compensation benefits.

During the course of her 33-year employment with the employer, claimant worked in various positions that required that she spend most of her day performing data entry on a keyboard. After developing severe pain and swelling in her wrists, hands and fingers, claimant stopped working in July 2005 pursuant to her doctor's orders and, thereafter, submitted a claim for workers' compensation benefits. Following hearings in early 2006, during which claimant testified that she visited the employer's plant medical department, a Workers' Compensation Law Judge (hereinafter WCLJ) directed the employer in June 2006 to produce the medical records. After further proceedings during which the records were not produced, the WCLJ rendered a decision in January 2007 finding that claimant had not established occupationally acquired injuries. However, in August 2007, the Workers' Compensation Board rescinded the decision of the WCLJ and directed that the medical records be produced by the employer within two weeks, or the Board would infer a diagnosis of a causally related occupational disease.

In October 2007, the parties again appeared before the WCLJ and, for the first time, the employer alleged that no medical records existed, following which the WCLJ directed that the employer produce a lay witness to substantiate this claim. Thus, at a hearing in December 2007, the employer presented testimony from its workers' compensation coordinator that no medical records existed for claimant. In an ensuing decision, the WCLJ determined that, based upon the remaining evidence, claimant had failed to submit prima facie medical evidence of a work-related injury. However, the Board again reversed, finding that the WCLJ erred in allowing lay testimony regarding the nonexistence of the medical records and claimant was, thus, entitled to an inference that the records exist and show a diagnosis favorable to claimant that, along with the other medical evidence, established a causally related occupational disease. The Board thus returned the case to the calendar to determine awards and also whether the current claim should be amended or a new claim established based upon nerve conduction studies performed on claimant that demonstrated bilateral ulnar neuropathy. The employer and the workers' compensation carrier (hereinafter collectively referred to as the employer) appeal and we affirm.

Initially, we disagree with the employer that the Board erred in precluding the testimony of the employer's lay witness with regard to the existence of the plant medical records. Where an employer, without excuse, fails repeatedly to present evidence as directed by the Board, it is an abuse of discretion for a WCLJ to grant an adjournment for the purpose of later submission of such evidence (*see* 12 NYCRR 300.10 [b]; *Matter of Slack v Livingston-Wyoming ARC*, 294 AD2d 716, 717 [2002], *lv dismissed* 98 NY2d 727 [2002], *appeal dismissed* 100 NY2d 591 [2003]; *see also Matter of Cross v G.A. Hall, Inc.*, 24 AD3d 903, 904-905 [2005]; *Matter of Olistin v Wellington*, 3 AD3d 618, 619 [2004]). Here, despite repeated direction, the employer failed to produce the medical records or evidence as to the lack of their existence. As such, we find that the employer had ample opportunity to present evidence on the matter and failed to do so and, thus, the Board did not err in precluding the subsequent introduction of testimony (*see Matter of Slack v Livingston-Wyoming ARC*, 294 AD2d at 717). Likewise, we find that it was within the Board's authority to draw an inference in favor of claimant based on the employer's failure to produce the evidence as directed (*see Matter of Pache v Aviation Volunteer Fire Co.*, 20 AD3d 731, 733-734 [2005], *lv denied* 6 NY3d 705 [2006]; *Matter of Muller v Frankenburg-Rich Corp.*, 151 AD2d 833, 834 [1989]).

In any event, we find that the Board's determination that claimant sustained a work-related occupational disease was supported by substantial evidence even without such negative inference. Andrew Kane, claimant's treating physician, consistently and unequivocally opined, both in his reports and testimony, that claimant's condition was likely carpal tunnel syndrome or severe arthritis which was due to her "very long history of long hours of typing" and that he could find no evidence that her condition was caused by anything other than employment. Similarly, Elias Nicolas, an orthopedic surgeon who performed an independent medical examination on behalf of the employer, while not offering a definitive diagnosis, agreed that claimant had an industrial history that could cause carpal tunnel syndrome and, further, that claimant's condition was a result of the overuse of her hands. Thus, deferring to the Board's authority to resolve conflicting medical evidence, particularly on the issue of causation, we find that its determination is supported by substantial evidence (*see Matter of Banner v Anheuser-Busch Cos., Inc.*, 59 AD3d 759, 760 [2009]; *Matter of Williams v Colgate Univ.*, 54 AD3d 1121, 1123 [2008]).

Lastly, we find that it was well within the Board's continuing

jurisdiction to return claimant's case to the trial calendar for full development of the issue of whether she may amend her claim or establish a new claim based upon the most recent diagnosis of bilateral ulnar neuropathy (*see* Workers' Compensation Law § 123; *Matter of Dallas v Consolidated Edison*, 27 AD3d 907, 908 [2006]; *Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 932-933 [2005]).

Mercure, J.P., Lahtinen, Kane and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.