■ In the Matter of the Claim of CZESLAWA KOT, Appellant, v BETH AMETH HOME ATTENDANT SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondents. [894 NYS2d 226]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 20, 2009, which ruled that claimant did not sustain a causally related injury to her left hip and denied her claim for workers' compensation benefits.

Claimant, a home care attendant, applied for workers' compensation benefits after sustaining injuries while attempting to lift a patient in April 2004. The claim was initially established for a lower back injury and subsequently amended to include awards for a ventral hernia and a consequential psychiatric condition. In 2006, claimant underwent left hip replacement surgery and, following hearings held thereafter, a Workers' Compensation Law Judge concluded that claimant's hip injury was also causally-related to the 2004 claim. After the employer and its workers' compensation carrier sought review of that decision, the Workers' Compensation Board determined that further development of the record was necessary and claimant was examined by an impartial specialist in the field of orthopedic surgery. Based partly on the opinion of the impartial specialist, the Board reversed the decision of the Workers' Compensation Law Judge, prompting this appeal by claimant.

We affirm. "[T]he resolution of conflicting medical opinions is within the province of the Board, particularly where the conflict concerns the issue of causation" (*Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]; *see Matter of Mazayoff v A.C.V.L. Cos., Inc.*, 53 AD3d 890, 892-893 [2008]). Here, although claimant's treating physicians testified that claimant's hip injury was causally-related to her accident at work, the impartial specialist concluded that claimant's injury was neither directly nor consequentially-related to that incident. Rather, he opined that it was the result of a preexisting condition involving inflammatory arthritis that may have led to avascular necrosis of claimant's hip.\* An independent medical examiner who evaluated claimant on behalf of the employer and its carrier testified similarly, opining that claimant's hip symptoms were unrelated to her workers' compensation claim. Accordingly, inasmuch as these latter opinions constitute substantial evidence supporting the Board's decision, we perceive no basis upon which to disturb it (*see Matter of Banner v Anheuser-Busch Cos., Inc.*, 59 AD3d 759, 760 [2009]; *Matter of Darling v Transport Drivers, Inc.*, 35 AD3d 945, 946 [2006]).

Finally, claimant's remaining arguments have been examined and found to be unpersuasive.

---

\* Although claimant's assertions herein include challenges to certain. conclusions of the impartial specialist, we note only that claimant waived her opportunity to cross-examine him (*see generally Matter of McKenzie v UJA-FED*, 47 AD3d 1181, 1181-1182 [2008]).

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.