In the Matter of the Claim of ANTHONY FAYO, Respondent, v CRYSTAL RUN HEALTH CARE, LLP, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 705]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 14, 2009, which ruled that the death of claimant's spouse was causally related to her employment.

Claimant's spouse (hereinafter decedent) was employed as a registered nurse when, in May 2004, she slipped on a wet floor at work and fell. She struck the back of her head on a sink and thereafter was awarded workers' compensation benefits for injury to her head, neck and back. Her attempt to return to work was unsuccessful and she received treatment for ongoing pain and severe headaches. On April 13, 2005, decedent died from an apparent accidental drug overdose. Claimant sought workers' compensation death benefits and, following hearings, a workers' compensation law judge determined that decedent's death was causally related to her employment. The Workers' Compensation Board agreed and this appeal ensued.

Death resulting from an accidental overdose taken to relieve a condition caused by a work-related accident can be compensable (*see Matter of Brick v Hamilton Trucking Co.*, 60 AD2d 735, 735 [1977]; *Matter of Bruning v Sheffield Farms Co.*, 8 AD2d 241, 243 [1959]). Resolution of conflicting medical opinions regarding causation is an issue vested within the province of the Board and we will not disturb its determination so long as it rests upon substantial evidence (*see Matter of Kot v Beth Ameth Home Attendant Serv.*, 70 AD3d 1114, 1115 [2010]; *Matter of Curtis v Xerox*, 66 AD3d 1106, 1108 [2009]). Here, although conflicting evidence was presented, the Board credited the testimony of decedent's psychiatrist and determined that decedent's postaccident pain led to her drug abuse that resulted in her death. Substantial evidence in the record supports this

determination and, in light of our limited scope of review, we affirm.

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.