■ In the Matter of the Claim of RUDY MANGROO, Claimant, v PARAMOUNT BRANDS et al., Appellants, and EBER BROTHERS WINE & LIQUOR CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [956 NYS2d 284]—

Egan Jr., J.

SIF and One Beacon subsequently claimed that they each paid the entire sum due to claimant and, as a result, sought reimbursement from one another as to the asserted overpayment. Following various hearings, at which both carriers were given the opportunity to provide canceled checks or other documentation to establish the amount claimed to be due and owing, a WCLJ directed SIF to reimburse One Beacon $33,820 ($16,910 x 2) for its proportionate share of the prior award. SIF appealed that decision to the Workers' Compensation Board, attaching additional documentation relative to the claimed overpayment, which the Board rejected as untimely. The Board affirmed the WCLJ's decision, and SIF's subsequent request for reconsideration and/or full Board review was denied, prompting these appeals.

Initially, inasmuch as SIF did not brief the denial of its ap-

plication for reconsideration and/or full Board review, we deem its appeal in this regard to be abandoned (*see Matter of Amacio v Tully Constr.*, 82 AD3d 1371, 1371 n [2011]). As to the merits, the record reflects that SIF was afforded ample opportunity to provide documentation of its purported overpayment, which it repeatedly failed to do—even after being expressly directed to do so by the Board in May 2010. Under these circumstances, we cannot say that the Board erred in either rejecting the belated documentation or directing SIF to reimburse One Beacon based upon the evidence that was timely submitted (*see generally Matter of Wiess v Mittal*, 96 AD3d 1175, 1177 [2012]; *Matter of Curtis v Xerox*, 66 AD3d 1106, 1108 [2009]). SIF's remaining contentions have been examined and found to be lacking in merit.

Rose, J.P., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.