Matter of Ferguson v Eallonardo Constr., Inc. (2019 NY Slip Op 05255)





Matter of Ferguson v Eallonardo Constr., Inc.


2019 NY Slip Op 05255


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528122

[*1]In the Matter of the Claim of STEPHEN FERGUSON, Appellant,
v
EALLONARDO CONSTRUCTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Aaron Zimmerman, Syracuse, for appellant.
Wolff, Goodrich & Goldman, LLP, Syracuse (Robert Geyer of counsel), for Eallonardo Construction, Inc. and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 3, 2018, which ruled, among other things, that claimant's request to cross-examine the carrier's consultant was untimely.
Claimant sustained a work-related injury to his right shoulder in August 2016; he underwent surgery in October 2016 and was awarded workers' compensation benefits. The Workers' Compensation Board acknowledged that claimant's injury could result in a permanent disability and directed that claimant schedule an appointment with his physician — either when no further medical improvement could be expected or approximately one year after surgery — to obtain said physician's opinion as to permanency. In October 2017, claimant was examined by a consultant for the employer's workers' compensation carrier, who concluded that claimant had sustained a 40% schedule loss of use of his right arm. By notice dated November 30, 2017, counsel for claimant was advised of the consultant's conclusion and was informed that claimant had 60 days within which to obtain a competing opinion on permanency from his physician or his "opportunity to submit medical evidence on permanency may be deemed waived by the [Workers' Compensation] Board." Counsel for claimant acknowledged receipt of the notice, indicated that claimant would be returning to his treating physician for an evaluation and expressed his awareness that the required form (C-4.3) needed to be filed within the 60-day period.
Counsel's subsequent efforts to persuade the carrier to stipulate to a 50% schedule loss of use of claimant's right arm were unsuccessful, and claimant was reevaluated by his treating [*2]physician on January 31, 2018. The results of that examination, which did not contain an opinion as to the issue of permanency, were communicated to the Board via form EC-4NARR dated February 13, 2018, and a hearing on permanency was scheduled. When the parties appeared for the hearing, counsel for claimant requested an opportunity to cross-examine the carrier's consultant as to how he arrived at the 40% schedule loss of use. Counsel for the employer and the carrier opposed the request as untimely, noting that the required C-4.3 form was never filed, that claimant made no attempt — prior to the date of the hearing — to cross-examine the carrier's consultant and that claimant was well aware that, should he fail to obtain a competing medical opinion and file the required form in a timely fashion, his opportunity to contest the issue of permanency may be deemed waived. The Workers' Compensation Law Judge (hereinafter WCLJ) granted claimant a "final opportunity" to file the C-4.3 form and otherwise denied claimant's request, prompting claimant to seek Board review of the WCLJ's decision.
Before claimant's application for Board review could be resolved, the parties reappeared before the WCLJ, at which time claimant renewed his request to cross-examine the carrier's consultant. The WCLJ denied that request, finding that claimant had waived his opportunity to submit the C-4.3 form, and concluded that claimant had sustained a 40% schedule loss of use of his right arm and made an award. Claimant again sought Board review, primarily contending that he had been denied his right to cross-examine the carrier's consultant. The Board affirmed the WCLJ's prior decisions regarding the schedule loss of use award and further concluded that claimant's request for cross-examination of the carrier's consultant was untimely and that he otherwise waived his opportunity to contest the issue of permanency. Claimant appeals, asserting that his request to cross-examine the carrier's consultant was timely.
We reverse. 12 NYCRR 300.10 (c) provides, in relevant part, that "[w]hen the employer or its carrier or special fund desires to produce for cross-examination an attending physician whose report is on file, the referee shall grant an adjournment for such purpose." As the Board correctly noted, although a claimant's right to cross-examine a carrier's consulting physician is not expressly referenced in the cited regulation, it "is permitted under tenets of due process" (Employer: Queens Medallion Leasing, Inc., 2015 WL 1388387, *3, 2015 NY Wrk Comp LEXIS 1752, *8-9 [WCB No. G025 6616, Mar. 19, 2015]; see Employer: Edwards Super Stores, 2017 WL 3113799, *3, 2017 Wrk Comp LEXIS 9162, *9 [WCB No. 0964 8488, July 11, 2017]; see also Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016]; Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [2002]). In this regard, a "claimant's request for cross-examination is not invalidated by the failure to produce a C-4.3 [form]" (Employer: Medhal Salam Architert, 2017 WL 3208729, *3, 2017 NY Wrk Comp LEXIS 9433, *7 [WCB No. 0072 8502, July 19, 2017]; see Employer: Queens Medallion Leasing, Inc., 2015 WL 1388387 at *4, 2015 NY Wrk Comp LEXIS 1752 at *9), but this right may be waived if not asserted in a timely manner (see Employer: BET USA/Arcade Bldg. Maint., 2018 WL 1723839, *2, 2018 NY Wrk Comp LEXIS 1660, *5 [WCB No. 0906 2376, Feb. 22, 2018]; cf. Matter of Hicks v Hudson Val. Community Coll., 34 AD3d 1039, 1040 [2006]). Notably, "[t]he only requirement is that the request for such cross-examination must be timely made at a hearing, prior to the WCLJ's ruling on the merits" (Employer: DeLeon Constr., Inc., 2017 WL 2981609, *2, 2017 NY Wrk Comp LEXIS 8923, *6 [WCB No. G166 0081, June 29, 2017]; see Employer: Queens Medallion Leasing, Inc., 2015 WL 1388387 at *4, 2015 NY Wrk Comp LEXIS 1752 at *9; Employer: Silvercrest, 2013 WL 6137697, *3, 2013 NY Wrk Comp LEXIS 11225, *8 [WCB No. 2080 1671, Nov. 14, 2013]).
Here, counsel for claimant candidly stated that he did not produce a C-4.3 form from claimant's treating physician because he believed that the opinion of the carrier's consultant so deviated from the applicable guidelines that he was "willing to take his chances . . . upon cross-examination" of that physician. As noted previously, however, claimant's right to cross-examine the carrier's consultant was not predicated upon the filing of a competing report, and counsel voiced his request for cross-examination of the consultant at the first permanency hearing scheduled in this matter. Under these circumstances, we find that the Board abused its discretion in denying as untimely claimant's request to cross-examine the carrier's consultant (see [*3]Employer: Office of Ct. Admin., 2017 WL 2900107, *2-3, 2017 NY Wrk Comp LEXIS 8745, *7-8 [WCB Nos. 2961 8102, 28423801, June 26, 2017]; Employer: Beth Abraham Health Servs., 2016 WL 7494112, *1-2, 2016 NY Wrk Comp LEXIS 13760, *4 [WCB No. G144 8925, Dec. 27, 2016]; Employer: Queens Medallion Leasing, Inc., 2015 WL 1388387 at *4, 2015 NY Wrk Comp LEXIS 1752 at *9-10; compare Matter of Brown v Clifton Recycling, 1 AD3d 735, 736 [2003]; Matter of Floyd v Millard Fillmore Hosp., 299 AD2d at 611; Employer: Greenebuild LLC, 2018 WL 3494122, 2018 NY Wrk Comp LEXIS 6332, *8-9 [WCB No. G177 9309, July 12, 2018; Employer: Coghlin-Huen, LLC, 2015 WL 5440407, 2015 NY Wrk Comp LEXIS 7506, *6-7 [WCB No. G039 6257, Sept. 11, 2015]). Accordingly, the Board's decision is reversed, and this matter is remitted for further proceedings.
Garry, P.J., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.